## THOMAS W. WALKER *et al.*

*v.*

## JANE S. MULVEAN *et al.*

ESTOPPEL—*as a release of errors.* Where minor heirs, whose lands were sold on partition, after coming of age, with full knowledge of the facts, received their just proportion of the proceeds of the sale when collected, it was *held*, that they were estopped from asserting title to the lands so sold, and from denying the validity of the sale upon any ground, either as to the jurisdiction of the court to pronounce the decree, or for any irregularity that intervened, and that they were properly restrained from proceeding to assert title.

WRIT OF ERROR to the Circuit Court of Clark county; the Hon. HIRAM B. DECIUS, Judge, presiding.

Mr. J. P. BARLOW, and Mr. S. S. WHITEHEAD, for the plaintiffs in error.

Mr. J. C. ALLEN, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to quiet title, and for relief. The title to the land in controversy was in James C. Walker at the time of his death. In 1858, his widow, Mary A. Walker, and George C. Walker, filed a petition for partition of the lands belonging to the estate, making the other heirs defendants. Commissioners appointed by the court to make partition, reported the tract of land consisting of 110 acres was not susceptible of division without injury to the rights of the parties interested. Thereupon the court decreed a sale of the premises in accordance with the provisions of the statute. At the special master's sale, Sutherland became the purchaser for $2400, to secure which he executed his promissory notes with personal security, together with a mortgage on the premises. The right land was in fact sold, but in taking the mortgage an error intervened, occasioned by the mistake of the master.

The description given located the land in a quarter section where the intestate owned no land.

Sutherland having failed to make his payments as they became due, the mortgage was regularly foreclosed. At the sale under the decree of foreclosure, Mrs. Walker became the purchaser of the entire tract of land, at $1200. Afterwards she assigned the certificate of purchase to Andrew Mulvean, since deceased, in consideration he would pay the debts of her deceased husband, $525.62, make her a deed for a certain forty acres of land valued at $400, and to her children a deed for eighty acres, valued at $600. Sutherland having failed to redeem the land within the time limited by the statute, the master conveyed it to Mulvean. Throughout all the subsequent proceedings and conveyances, the land was described by the erroneous description contained in the mortgage. But Mulvean, upon the completion of his purchase, entered into possession of the right land, continued to occupy it up to his death, and since that time his heirs, the complainants, have held it, paying all taxes and treating it as their own property.

A writ of error was sued out in the original partition suit, to the June term, 1868, of this court. The errors having been confessed, the decree was reversed and the cause remanded. The heirs at law of James C. Walker had commenced further proceedings to. partition the lands in controversy when this bill was filed by the heirs at law of Andrew Mulvean to restrain the further prosecution of the suit, and to have corrected the error in the description of the land which runs through their ancestor's evidences of title from the Sutherland mortgage. The court decreed relief as against all the heirs of James C. Walker, except John A. Walker. Only two of the heirs, however, have joined in this writ of error.

Numerous objections have been taken to the validity of the proceedings under which Andrew Mulvean derived his title to the land, but we do not deem it necessary to discuss them. In the view we have taken, plaintiffs in error are estopped to deny the validity of the sale upon any ground, either as to

the jurisdiction of the court to pronounce the decree, or for any irregularity that intervened.

Upon failure to make his payments for the land, the special master obtained a judgment against Sutherland for the first installment of the purchase money, being one-third of the entire amount. Steps were subsequently taken to collect the amount due on that judgment for the benefit of the estate. A compromise was effected, by which a considerable sum of money was realized. The present plaintiffs in error, after they became of age, received their just proportion. It is shown they sold the land conveyed to them by Mulvean in consideration of the assignment to him of the certificate of purchase, and received the proceeds to their own benefit. These acts were deliberately done with a knowledge of all the facts and circumstances. The parties were under no disabilities, and must be held by their acts estopped to assert any title to the land itself. The case of *Davidson* v. *Young*, 38 Ill. 147, is an authority exactly in point.

Having appropriated to themselves the proceeds of the sale of their land after they became of age, it would be most inequitable to allow them to reclaim the land also. Especially is this true after having acquiesced in the sale so many years since reaching their majority.

Upon the whole record, the decree is eminently just, and must be affirmed.

*Decree affirmed.*