JAMES HARTSHORN

*v.*

WILLIAM POTROFF *et al.*

89    509
23a   528

HIGHWAY—*when party is estopped from disputing legality of road.* Where a party over whose land a road is laid out by commissioners of highways accepts the money awarded to him for damages for the land taken, removes his fences, giving possession of the land, which is appropriated, worked and traveled as a highway, he will be estopped from calling in question the validity and legality of the road, or the proceedings establishing the same. The acceptance of damages operates as a waiver of whatever errors may have existed in the proceedings.

APPEAL from the Circuit Court of Bureau county; the Hon. E. S. LELAND, Judge, presiding.

Messrs. FARWELL, WARREN & EMERSON, for the appellant.

Mr. J. J. HERRON, for the appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This record presents but one question, and that is whether appellant is estopped from calling in question the validity and legality of the road. If he is, we apprehend the fact will not

510　　　　　Hartshorn *v.* Potroff *et al.*　　[Sept. T.

Opinion of the Court.

be contended that the commissioners of highways were justified in removing the obstructions placed by appellant in the road. After the highway was laid out, appellant accepted the damages which had been awarded him by the commissioners, removed his fences, and the land over which the road was laid was appropriated to the public use. For a period of about five years, from 1868 until 1873, the road was worked by the proper authorities, traveled, and in all respects treated by the property owners along the line, the road authorities and the public, as a legal highway. Under such circumstances, what is the law that should control the case?

In *Town* v. *Town of Blackberry*, 29 Ill. 137, where a party who had been awarded damages in the laying out of a public highway, and who had received the damages allowed, after the damages were paid him attempted to question the legality of the road, on account of a defect in the proceedings, it was said: "We do not think the plaintiff in error is in a position to take advantage of this delay, if there be any, in filing the papers, since the fact is, that the then owner of the land taken for the road received, on the assessment of the damages, the sum of $85, being the amount allowed to him for the right of way. It is true, the party receiving the money had made a colorable deed of the land to his sons, but remained in position to control it and its proceeds, notwithstanding his deed. After he had received the damages, the sons conveyed the land to the plaintiff in error, with the incumbrance of this road upon it. He can not be permitted to say, now, that the proceedings were void, as his grantor has been paid in money for so much of the land as is occupied by the road."

In the case of *Rees* v. *The City of Chicago*, 38 Ill. 322, a question arose, not unlike the one presented by this record, in a case where lands had been condemned for a street, and it was held, that where, in the exercise of the right of eminent domain, private property is taken for public use, condemnation of the lands effected, the damages assessed, and accepted

by the owners, who declare their assent to the proceedings, the title thereby becomes divested.

In *Kile* v. *Town of Yellowhead,* 80 Ill. 208, which was a prosecution against the appellant for obstructing a highway, it was contended the proceedings were void, for the reason they did not conform to the statute. It was there said: "After the road was ordered to be opened, appellant was paid and accepted $75 as the amount of damages awarded him by the commissioners of highways for the location and opening of the highway. This estops him from alleging that the proceedings were void."

The cases cited would seem to be conclusive of the question presented. The damages allowed appellant were awarded in payment for that portion of the land taken, and when he received the money, and delivered the possession of the land to the commissioners of highways for the use of the public, we are aware of no principle of law which would permit him to retain the money received for damages and regain the possession of the land, on account of some illegality in the proceedings. He parted with his property, or at least the use of it, for a valuable consideration, which he voluntarily accepted, and whether the proceedings of the commissioners are legal or illegal, he can not call them in question. It may be true that the road was not laid out in all respects in conformity to the requirements of the statute, and that a person interested, who had not received the damages awarded him, might call in question the validity of the highway, but the appellant does not occupy that position. The acceptance of the damages allowed for his land must be regarded as a waiver of whatever errors may have existed in the proceedings. *Morgan* v. *Ladd,* 2 Gilm. 414.

It is true, the assessment of damages by the commissioners in appellant's favor, of itself would not create an estoppel. He was under no obligation to accept the amount allowed him, and had he refused to do so, then he would have been in a position to insist that the proceedings were illegal or void;

but when he voluntarily accepted the sum of $175, which the commissioners allowed him as damages in payment for the land or its use, which was taken for the highway, and the commissioners, relying upon his acquiescence in the proceedings, opened the road, and spent the public money in improving it for public use, he can not now be heard to call in question the validity of these proceedings, which, by his assent, he admitted to be binding and legal. When appellant accepted the damages allowed in his favor, the commissioners of highways had a clear right to rely upon his acquiescence, and it is now too late for him to undertake to question a public road which was opened and devoted to the use of the public on the faith of his acts and assent.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*