Frederick L. Hilton *et al.* Appellants, *vs.* George J. Meier *et al.* Appellees.

*Opinion filed February 20, 1913.*

1. Constitutional law—*statute permitting redemptions from judicial sales is not unconstitutional.* The provisions of the act concerning judgments, decrees and executions which provide for redemptions from judicial sales are not unconstitutional. (*Meier* v. *Hilton, ante,* p. 174, adhered to.)

2. Judgments and decrees—*when a judgment may be used for redemption from judicial sale.* The mere fact that a judgment was not recovered until more than fifteen months after the foreclosure suit does not prevent its use for redemption by the judgment creditor from a sale by another judgment creditor had after the expiration of the time allowed by statute for redemption by the mortgagor or his assigns. (*Meier* v. *Hilton, ante,* p. 174, adhered to.)

3. Contracts—*when agreement that there shall be no redemption from foreclosure sale is waived.* An agreement between the proposed purchaser of property and the proposed vendor and the latter's judgment creditors that there should be no redemption from the master's sale under the pending foreclosure of a mortgage on the property must be regarded as waived or abandoned, where the proposed purchaser, after acquiring the master's certificate, attends a sheriff's sale of the property had under a redemption made in violation of the agreement and bids in the property, instead of standing on his rights under the agreement and filing a bill to enjoin the sheriff's sale.

4. REDEMPTION—*when a party is estopped to complain that the note on which judgment was confessed was without consideration.* Where the holder of a certificate of purchase at an execution sale attends a subsequent sheriff's sale of the premises under an execution issued on a judgment by confession and without objection surrenders his certificate and accepts the redemption money he will be presumed to have acquiesced in the redemption and waived any irregularities that may have occurred, and he is estopped subsequently to set aside the sale upon the ground that the note upon which the judgment was confessed was without consideration.

5. SAME—*duty of one whose agent accepts redemption money without authority.* If one holding a certificate of purchase as the agent for another exceeds his authority in accepting the redemption money at a subsequent execution sale of the premises, it is the duty of the principal, if she desires to repudiate the agent's action, to immediately tender the amount of the redemption money to the person who paid it.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

FRED A. BANGS, for appellants.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county sustaining a demurrer interposed by appellees to the amended and supplemental bill of appellants for injunction and dismissing the same for want of equity.

The material facts alleged by the amended and supplemental bill are as follows: In March, 1910, the appellants, Frederick L. Hilton and Helen Hayden Hilton, his wife, entered into a contract with appellee John E. Amos, Jr., whereby Amos agreed to convey the premises therein described to appellants by warranty deed for a consideration of $12,500, appellants to assume, as a part of the purchase price, a mortgage thereon of $8000, then in process of

foreclosure, and a judgment in favor of Parker & Righeimer, judgment creditors, for $1050 and costs, the contract being made subject to the said Amos maintaining his title against the claims set up in a suit then pending against him in which Sarah P. Amos, his divorced wife, was complainant. The contract further provided that the appellants should take possession of the premises on May 1, 1910, and pay the sum of $100 per month rent until the sale was consummated, the rental to apply on the purchase price. Appellants entered into possession on May 1, 1910, and were still in possession at the time this bill was filed. On August 3, 1910, the property was sold under a decree of foreclosure to James Hildreth for $8500 and a deficiency decree entered for $952.84. In November, 1911, appellants having paid the receiver in the foreclosure proceeding $1800 in rent, the receiver was discharged, the deficiency decree satisfied out of that sum and the balance applied on the judgment of Parker & Righeimer. On April 19, 1910, judgment by confession was entered against Amos in favor of Helmer, Moulton & Whitman in the superior court of Cook county for $800 and costs, and on April 29, 1910, a judgment by confession was entered in that court in favor of appellee Cora A. Butler against Amos for $1025 and costs, and it was represented to appellants that the judgment in favor of Cora A. Butler was entered as the result of an agreement between her and Amos, and that Amos controlled the judgment, and that both of said judgments were confessed upon the understanding and agreement that they were to be paid out of the proceeds of the sale under the contract with appellants. In October, 1910, Amos, being unable to procure a settlement of the suit brought by said Sarah P. Amos, represented to the appellants that the contract of sale would be carried out and no redemption would be made of the premises, to which said Cora A. Butler and Helmer, Moulton & Whitman agreed. Accordingly, on October 18, 1910, appellants procured one James

Hibben to purchase the master's certificate of sale for the use of appellants, it being understood that when title was obtained under the certificate of sale appellants should pay Amos the balance due under his contract, the same to be applied on the Butler and Helmer, Moulton & Whitman judgments. On April 29, 1910, Amos conveyed the premises by quit-claim deed to one Gannon, who subsequently conveyed the same to Hibben, who in turn conveyed the same to appellants on November 20, 1911. Since entering into possession of the premises the appellants expended for repairs the sum of $800, paid Mrs. Amos $300 for a release of her rights in the property, and paid the taxes of 1909, amounting to $225. On November 3, 1911, Helmer, Moulton & Whitman assigned their judgment to appellee Butler, who, in turn, on the same day assigned the same, together with her judgment of April 29, 1910, to Bartholomew O'Toole to enable O'Toole to redeem from the master's sale, it being alleged that O'Toole had full knowledge of the rights of complainants, including the agreement of Helmer, Moulton & Whitman and appellee Butler not to redeem from the master's sale. On November 3, 1911, O'Toole caused an execution to be issued on the Helmer, Moulton & Whitman judgment and levied upon the real estate, and a redemption to be made by the payment of $9327.86, and caused the premises to be advertised for sale. In order to protect their interests, appellants procured said Hibben to purchase the property at said sale on November 28, 1911, for $10,290, a portion of the purchase money being furnished Hibben by appellant Frederick L. Hilton and the remainder by his father, and Hibben received and held the sheriff's certificate of sale for the use of appellants. On January 26, 1912, a judgment was entered against Amos and in favor of the appellee George J. Meier for $3044.50 and costs on a note dated November 2, 1911, payable to the order of appellee Butler and endorsed by her to Meier after maturity, and, as alleged in the bill,

without consideration. On January 27, 1912, appellee Butler caused an execution to issue on this judgment and to be levied on the real estate, and deposited $10,392.90 with the sheriff for the redemption of the premises from the sale of November 28, 1911, and caused the property to be advertised for sale. On November 27, 1911, a judgment was confessed in the superior court of Cook county in favor of appellee Butler and against Amos for $1189 and costs upon a note dated June 1, 1910. Execution was issued on this judgment and was in the hands of the sheriff at the time of the filing of the bill herein. On February 27, 1912, the premises were sold, pursuant to the redemption of January 27, 1912, to appellee Meier for $10,462.15, being the amount of the redemption money, interest and costs, and on February 29, 1912, a deed to the premises was executed by the sheriff to Meier and recorded on March 4, 1912. Hibben was present at the sale of February 27, 1912, and immediately after the sale surrendered the certificate of sale held by him for the benefit of appellants and received from the sheriff the redemption money, $10,392.90. Hibben afterwards informed appellant Frederick L. Hilton that he had received the money, and paid to said Hilton the sum of $1327.76, being that part of the purchase price of the certificate of sale which had been advanced by said Hilton. Appellant Helen Hayden Hilton had no knowledge of the receipt of this money by Hibben until thereafter informed of the fact by her husband, and never thereafter consented to the receipt of the same. Meier demanded possession of the premises as owner, and upon the refusal of appellants to surrender the same, on March 28, 1912, brought his forcible entry and detainer suit in the municipal court of Chicago to obtain possession. The prayer of the bill is for an injunction restraining the prosecution of the forcible entry and detainer suit; that the redemption sale of February 27, 1912, be vacated and set aside; that the real estate be discharged from any right

or interest in favor of Meier under said sale and sheriff's deed; that it also be discharged from any claim or interest under the judgments in favor of appellee Butler or assigned to her, and that appellants be decreed to be the owners of the premises.

Upon the sustaining of the demurrer on May 7, 1912, appellants asked leave to file an amendment to their bill, setting up a contract between appellant Frederick L. Hilton and Hibben for the purchase of the original certificate under the foreclosure sale, which provided how the title should be conveyed if Hibben obtained it and what should be done with the proceeds if a redemption was made; also alleging that the moneys advanced to purchase the certificate of sale were advanced by appellant Frederick L. Hilton and his father and that Hibben held the certificate as security for the father, and that in case appellants failed to pay the indebtedness to the father within thirty days after January 28, 1912, Hibben had the right to take out a master's deed on the premises in his own name; also alleging that on that day, May 7, 1912, appellants had tendered appellees, during the argument of the demurrer, the sum of $10,591.29, which tender was refused. Leave to file these amendments was denied.

It is first insisted by appellants that the statute providing for redemption from judicial sales is unconstitutional, and that the judgment in favor of appellee Meier, having been rendered more than fifteen months after the foreclosure suit, could not be used for the redemption of the premises. These same points were presented in *Meier* v. *Hilton*, (*ante*, p. 174,) in the forcible entry and detainer suit, and were there decided adversely to appellants' contention. As we adhere to the holdings there made it is unnecessary to further discuss those questions in this opinion.

This leaves for determination the question whether the amended and supplemental bill sets up any ground for equitable relief. Appellants contend that three grounds for

equitable relief are presented by the bill: (1) That appellees are equitably estopped to assert any title or claim to or interest in the premises by virtue of their agreement with appellants that there should be no redemption from the master's sale; (2) that the judgment confessed in favor of appellee Butler and against appellee Amos constitutes a feigned indebtedness grossly in excess of the amount justly due, and that all proceedings thereunder are void, as being in fraud of the rights of appellants; and (3) that the note upon which the Meier judgment was confessed was without consideration and the judgment entered thereon void.

Assuming, as we must in deciding the questions here presented, that Helmer, Moulton & Whitman and appellees Amos and Butler agreed with appellants that there should be no redemption from the master's sale, and that there was a valid consideration for this agreement, as disclosed by the bill, appellants would have had ample ground for enjoining the sheriff's sale of November 28, 1911; but having procured Hibben to attend this sale and purchase the property, pay the sheriff the purchase price and take a certificate of sale entitling him to a deed in sixty days if the premises were not before that time redeemed, the agreement between appellants and appellee Amos, which was ratified and approved by Helmer, Moulton & Whitman and appellee Butler, was waived and abandoned, and the sheriff's certificate of sale stood in lieu of the certificate of the master, which had become extinguished. If Helmer, Moulton & Whitman and appellee Butler had violated their agreement with appellants by thus redeeming, their action was acquiesced in by the appellants when, through Hibben, they purchased the property and availed themselves of the certificate of sale from the sheriff.

If, as alleged, the note upon which the Meier judgment was confessed was given without consideration, this would have afforded appellants sufficient ground for equitable re-

lief had they not placed themselves in such a position as to be estopped by their own actions from seeking relief. It is admitted by the amended and supplemental bill that Hibben, who was the agent of appellants and was acting for them and held the sheriff's certificate of sale for their use, attended the sale on February 27, 1912, saw Meier bid off the property and immediately surrendered the certificate of sale held by him to the sheriff and accepted the redemption money. That part of the money which had been advanced by the appellant Frederick L. Hilton was at once paid to him and the balance paid to his father. This money was retained by the Hiltons and no offer made to return it for more than two months and when the demurrer herein had come on for argument. This conduct amounted to a ratification of the redemption and of the sale to Meier. Having made no objection at the time of sale and having accepted the redemption money, it will be presumed that the appellants acquiesced in the redemption and waived any irregularities that may have occurred. (*Merry* v. *Bostwick*, 13 Ill. 398; *Massey* v. *Westcott*, 40 id. 160; *Blair* v. *Chamblin*, 39 id. 521; *Kell* v. *Worden*, 110 id. 310; *Bozarth* v. *Largent*, 128 id. 95; *Pearson* v. *Pearson*, 131 id. 464.) For more than two months appellants kept this money and made no offer to return it and at the same time claimed the ownership and right of possession of this real estate. As is stated by counsel for appellees in their brief, a court of equity will not permit appellants to both "keep their hands on the money and their feet on the property."

The amended and supplemental bill does not show that appellants are entitled to any equitable relief on account of the title derived from appellee Amos. The deed to Gannon was made April 29, 1910. The bill does not disclose when Gannon conveyed to Hibben, but the date of the conveyance from Hibben to appellants is given as November 20, 1911. No attempt was made by any of these grantees to redeem as an assignee of Amos. When the twelve

months given by the statute to Amos, his heirs and assigns to redeem had expired, all the rights of Gannon, Hibben and appellants were terminated, and the only interest appellants retained in the premises was their possession under the contract and the interest they took under the certificates of sale held by Hibben for their benefit, the last of which was surrendered when Hibben accepted the redemption money deposited by Meier.

It is urged that as appellant Helen Hayden Hilton received no part of the redemption money, and as she repudiated the action of Hibben in accepting the redemption money at the Meier sale and in surrendering the certificate of sale held by him, she is entitled to the relief prayed for. It does not appear that Mrs. Hilton had any money whatever invested in the property, which would account for the fact that none was re-paid to her. There was no money alleged to have been paid when the contract of purchase was executed or when any of the deeds referred to were made, and it appears that all the payments that were made were made by her husband and his father. Hibben was acting for Mrs. Hilton. If he exceeded his authority and she elected to repudiate his actions she should have at once tendered Meier the amount of the redemption money received by Hibben.

The demurrer to the amended and supplemental bill was properly sustained.

It is contended that the court erred in refusing leave to the appellants to amend their bill. No explanation was made why tender was not made earlier than May 7, 1912. The proposed amendments did not present any ground for equitable relief different than that shown by the amended and supplemental bill, and it was not, therefore, error to deny leave to file the amendments.

The decree of the superior court is affirmed.

*Decree affirmed.*