(No. 23074 )

Browning Robinson *vs.* Charles Bailey *et al.*—(Henry Duppe *et al.* Appellants, *vs.* Browning Robinson *et al.* Appellees.)

*Opinion filed October 24, 1935.*

D. F. Moore, for appellants.

FRANK E. TROBAUGH, and MOSES PULVERMAN, (STEPHEN E. BRONDOS, of counsel,) for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The circuit court of Franklin county on March 8, 1935, entered a decree setting aside a sheriff's deed executed to appellant T. I. Galloway, as trustee, as a cloud upon the title of the appellee Canna D. Gentry and directing reconveyance of the property to her. This decree, and the appeal arising thereon, arose out of the following state of facts:

On September 30, 1927, the Mercantile Bank and Trust Company of Benton, Illinois, was closed by the Auditor of Public Accounts. Five suits were started against the directors, including A. M. Duncan. These suits were for negligence in holding out the bank as solvent when it was, in fact, insolvent. One of these suits was entitled, "Bailey et al. vs. Browning et al." On March 22, 1932, that case was tried, and the plaintiffs recovered a judgment against the former directors of the closed bank, including Duncan, in the sum of $1216.66. On the fourth day of November, 1930, prior to the Bailey judgment but subsequent to the accrual of that cause of action, Duncan conveyed the real estate involved in this suit to his wife, Rosella Duncan. On March 25, 1932, execution was issued on the Bailey judgment, and a levy on the real estate involved here was made by the sheriff of Franklin county. On April 22 following, a bill in aid of the execution was filed in the circuit court, by which it was contended that the conveyances made by Duncan were fraudulent and void as against creditors. On July 26, 1932, a decree was entered so holding and directing the sale of the real estate. On December 8, 1932, the sheriff sold one parcel of real estate to one Fred Kozabek for $350 and the balance of the real estate to Galloway, as trustee, on his bid of $1019.12, and issued cer-

tificates of purchase to them. On September 30, 1932, the plaintiff in the case of Duppe *vs.* Browning *et al.,* another of the five cases filed against the directors of the closed bank, secured a writ of attachment in aid and levied upon the real estate upon which the Bailey judgment had already been levied and which had been ordered sold by the decree setting aside the Duncan deeds. In the attachment proceeding the Stegmeyer-Woolard Drug Company, a tenant occupying a portion of the premises, was summoned as a garnishee. The appellee Canna D. Gentry is a daughter of A. M. and Rosella Duncan, original owners of the land involved. On the first day of December, 1931, the Duncans executed to Canna D. Gentry a promissory note due December 1, 1932. On November 17, 1933, some eleven and one-half months after the real estate had been sold by the sheriff, judgment by confession was entered on this note in favor of Gentry. After the period of redemption vested in the Duncans had expired, Gentry on December 16, 1933, sued out an execution on her judgment and delivered the same to the sheriff. Thereafter, on March 3, 1934, she deposited with the sheriff the sum of $1470, judgment, interest and costs on the Bailey judgment, for the purpose of redeeming from the sale to Galloway and Kozabek. The sheriff issued and filed a certificate of redemption and later re-sold the premises to Gentry and executed to her a sheriff's deed therefor. Galloway refused to surrender the certificate of sale issued to him, claiming to hold it for the benefit of all parties plaintiff in the five suits against the former directors of the bank. The Baileys then demanded of the sheriff the redemption money which had been deposited to pay their judgment, and he refused to turn it over to them except on surrender of the certificate of sale. They threatened suit against the sheriff, and he, to settle the matters in controversy, on May 28, 1934, filed an interpleader, asking the court to direct the distribution of the funds in his hands. Summons was issued

against the Baileys, Galloway as trustee, and all other defendants named in the bill of interpleader. Appellees were not made parties to that bill. Those made parties defendant filed an answer and a counter-claim, in which the proceedings hereinbefore stated were set up. It was said by this counter-claim that by an agreement of the plaintiffs in the five suits pending against the former directors of the bank, Galloway was to act as trustee for all, bid at any sale, take judgment on any or all suits for the use and benefit of all the plaintiffs in those suits, the expense of the suits to be borne by the plaintiffs. This counter-claim, among other averments, alleged that the Canna D. Gentry note, upon which judgment had been entered and which formed the basis of her redemption from the Bailey judgment, was given without consideration and was in furtherance of a scheme to delay and defraud the counter-claimants as creditors of Duncan. It was also there alleged that the Stegmeyer-Woolard Drug Company, garnishee in the attachment suit, had refused to pay on account of the attachment, and was conspiring, with Gentry and the sheriff, to prevent the payment of the rents so subject to the attachment in the Duppe case. The defendants, appellants here, in their counter-claim also alleged that as there was no valid redemption from the sheriff's sale under the Bailey judgment they were entitled to a deed. They prayed that a receiver be appointed; that the sheriff be decreed to execute and deliver a sheriff's deed to them and to pay over the money in his hands alleged to be rent due from the drug company, and that the sheriff's pretended certificate of redemption and deed to Gentry be canceled and removed as a cloud on the title of the counter-complainants. Further relief not necessary to be considered here was prayed.

Appellees, including Gentry, were not made parties defendant to appellants' counter-claim but the clerk was asked to issue a summons for them. They were later defaulted for want of an answer, and on December 18, 1934, a de-

cree granting the prayer of the counter-claim was entered. Thereafter, and pursuant to that decree, the premises were again sold, and the Baileys assigned their certificate of sale to the counter-claimants as tenants in common, and the sheriff, after deducting fees to himself, paid the Baileys the sum of $900 and the balance of the money to Galloway, as trustee, for the counter-claimants. Galloway surrendered to the sheriff the certificate of sale and received from the Bailey judgment sale, as trustee, a sheriff's deed. The decree of December 18, 1934, vacated and set aside the sheriff's certificate of redemption and sheriff's deed to Gentry.

On January 17, 1935, Gentry and other appellees entered their special appearance and moved to vacate the decree of December 18, 1934. Appellants filed a motion to strike this motion of appellees. After hearing, the chancellor on March 8, 1935, denied appellants' cross-motion and granted appellees' motion, and amended the decree of December 18 to find that the court did not have jurisdiction of appellants' counter-claim and re-instating the Gentry certificate of sale and sheriff's deed. The modified decree found that the moneys in the hands of the sheriff were the proceeds of the redemption by Gentry from the sale under the Bailey execution and found that the sheriff had filed his bill of interpleader in good faith. The decree recites that complainant and the defendants to the bill of interpleader had stipulated and agreed concerning the distribution of the money in the hands of the sheriff and a consent decree so finding was entered, and the redemption money had been distributed according to that agreement. The modified decree of March 8, 1935, held that the deed of the sheriff to Galloway, as trustee, was null and void and constituted a cloud upon the title to the real estate and should be expunged from the record. The decree also directed Galloway to convey the premises by quit-claim deed to Gentry, and on his failure to do so the master in chancery was di-

rected so to do. Appellants excepted to that decree in the following language: "To which findings and orders of the court amending and modifying the original decree herein under date of December 18, 1932, and directing said T. I. Galloway, trustee, to re-convey to Canna D. Gentry the premises described in the sheriff's deed on execution above referred to, the defendants in the original complaint who are also complainants in the counter-claim filed herein, to-wit, [naming them,] jointly and severally except."

Appellants here argue that there was no basis for modifying the decree of December 18, 1934, for the reason that service of summons in the interpleader proceedings was properly had upon appellees in compliance with the statute; that appellees were in court and were defaulted, and it was error to allow appellees' motion to set aside the proceedings under the bill of interpleader as to them and to strike appellants' cross-motion. It is argued that even though it be held that service upon appellees was not sufficient to bring them into court, they by their motion entered their general appearance, and the court had jurisdiction of their persons and had jurisdiction of the subject matter of the suits.

It is apparent from this somewhat complicated state of facts that the question of the validity of the redemption by Gentry was an issue before the court on the sheriff's interpleader and on the counter-claims. It is equally clear that appellees, though default was entered against them, had not been made parties to the interpleader proceedings. By the decree of March 8, 1935, appealed from, the court found that the Gentry redemption and the sheriff's deed to her were valid. It also appears from the recitals of the decree of March 8, 1935, that appellants consented to the distribution of the funds in the hands of the sheriff as redemption money paid to the sheriff by Gentry to redeem from the Bailey judgment sale, and that each received his share of that money by such distribution. There was no direc-

tion that the redemption money be re-paid to Gentry in the decree of December 18 but the decree distributed that fund to appellants. At the time that decree was modified appellants had Gentry's redemption money and retained it. By accepting and retaining the Gentry redemption money appellants took the benefits of the decree of which they now complain. They may not accept the money in the hands of the sheriff, admitting such funds to be redemption money paid in for the purpose of redeeming from the sale under an execution issued on a judgment in which they each had an interest and still lay claim to the real estate redeemed from such judgment. Equity will not permit them so to do. *Hilton* v. *Meier,* 257 Ill. 500.

The decree recites and the record shows that appellants accepted the money in the hands of the sheriff not as rents paid by the drug company under the attachment in aid in the Duppe suit but as redemption money paid by Gentry. The decree of December 18, 1934, shows that the money distributed was the money paid in by Gentry. No other money was in the hands of the sheriff at the time distribution was directed by the court, made by the sheriff and accepted by appellants. By accepting the redemption money appellants eliminated themselves from any controversy as to the validity of the Gentry redemption and deed to her arising thereon. The correctness of the ruling of the court in its action in sustaining appellees' motions to strike the counter-claim has become a moot question. Cases not involving the establishment of a right cannot be considered by this court, as they are moot. *Wendell* v. *City of Peoria,* 274 Ill. 613.

The decree of the circuit court is affirmed.

*Decree affirmed.*