Jean Magid, Appellee, v. Milt M. Blumberg et al., Appellants.

Gen. No. 41,137.

Opinion filed June 19, 1940.

SHEEHAN & EGAN, of Chicago, for appellants; ROY J. EGAN, of counsel.

McCABE, BUCKLEY & HOFFMAN, of Chicago, for appellee; BERNARD SAVIN and IRVING HOFFMAN, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the defendants from a decree of the circuit court of Cook county entered November 10, 1939, rendering a money judgment in favor of plaintiff and against the defendants, L. Cohen, Milt M. Blumberg, B. Perlman, Paul Pogue and W. H. Kailes, for $2,660, together with interest from January 18, 1939, and costs of suit. The court adjudicated this cause upon the pleadings, stipulation of facts, stipulation as to testimony of witnesses, objections filed by defendants to certain portions of the stipulations, and briefs of respective counsel.

The complaint in chancery was filed December 20, 1938, and subsequently the plaintiff filed her supplemental complaint on March 7, 1937, repeating the charges of fraud and conspiracy, and further alleged

that at the sheriff's sale held January 17, 1939, Blumberg was the successful bidder; that on January 18, 1939, plaintiff redeemed from the sheriff's sale held January 17, 1939, by depositing with the sheriff the execution on the Magid v. Cohen judgment, together with the sum of $14,252.26 as redemption money. That thereupon the sheriff advertised the premises for sale for February 21, 1939, at which sale, Kailes, Pogue and Blumberg bid, on behalf of Blumberg, a small sum higher than the redemption price, causing plaintiff to bid the redemption price plus her judgment in order to be the successful bidder. That the bid made on behalf of Blumberg was solely for the purpose of obtaining an extension of the period of redemption and to enable Cohen to obtain two months' additional rent. That there is still due from Cohen by virtue of the Magid judgment a sum in excess of $100, and that Cohen has no assets other than the interest, which he may have, in the premises for the period ending April 21, 1939. That plaintiff is desirous of surrendering her sheriff's certificate of sale upon the payment to her of the amount due her on the Magid-Cohen judgment, plus the redemption money deposited by her. Plaintiff prays that she be allowed damages in the sum of $2,640 or, in the alternative, that defendants be directed to pay her the amount evidenced by the Magid-Cohen judgment, plus the redemption money expended by her, and in turn she will quitclaim her interest, in the premises, to the defendants; that a receiver be appointed to operate and manage the premises until April 21, 1939, in order to satisfy the balance due on the Magid-Cohen judgment and to preserve the premises inasmuch as Cohen had threatened to damage the same.

The defendants filed their several answers to the supplemental complaint, denying specifically the charge of fraud and conspiracy. They admitted the purchase by Blumberg at the sheriff's sale on January 17, 1939, the redemption by plaintiff on January 18, 1939, the bid by

Blumberg, and the purchase by plaintiff on February 21, 1939, and deny that any of the acts charged were tainted with fraud or conspiracy. Subsequently, by leave of court, the defendants filed their joint and several amendment to their answers to the supplemental complaint and alleged in substance that plaintiff by effecting her redemption on January 18, 1939, and by her subsequent purchase at the sheriff's sale of February 21, 1939, when she used the Magid-Cohen judgment in her bid confirmed the validity of the Blumberg-Cohen judgment, and the Blumberg prior redemption; and that, therefore, plaintiff ought not now be permitted to maintain that the Blumberg-Cohen judgment, execution and the Blumberg redemption or any of them is invalid.

On September 11, 1939, on motion of plaintiff, that part of the supplemental complaint wherein she offered to quitclaim the premises upon the payment to her of the amount due under the Magid-Cohen judgment and the redemption money expended by her, was stricken from the face of the supplemental complaint.

On motion of all the attorneys in this cause, made on June 12, 1939, Judge PRYSTALSKI entered an order to the effect that the cause would be adjudicated by the court, upon the pleadings herein mentioned, a stipulation of facts, a stipulation of testimony, objections filed to a portion of said stipulations, and upon the briefs of the respective attorneys. This stipulation of testimony to which reference is made, consisted of all the oral testimony given before Judge PRYSTALSKI at the time of the hearing on the plaintiff's motion for a temporary injunction. The briefs filed did not contain any facts in addition to those set forth in the stipulations, but were merely arguments of counsel and citations of law. Subsequently, there was a reassignment of the judges of the circuit court, and this cause was duly assigned to Judge FINNEGAN, who agreed on motion of all attorneys, to adjudicate the matter in accordance with the terms of the order entered by Judge PRYSTALSKI on June 12, 1939.

The court entered judgment against the defendants, Milt M. Blumberg, Leib Cohen, B. Perlman, William H. Kailes, and Paul Pogue for $2,660 (which included $20 paid as costs) plus interest thereon from January 18, 1939, and costs of suit, and that the defendants be held jointly and severally liable, and that execution issue forthwith. An appeal was prayed and bond fixed at $3,500.

From the facts as they appear from the record we ascertain that on January 26, 1933, defendant, L. Cohen, was the owner of real estate known as 1344 South Komensky avenue, Chicago, Illinois, when a foreclosure suit was instituted to foreclose a first trust deed, securing bonds upon which there was an unpaid balance of $23,900, which trust deed and bonds were made and executed by others not here involved. On November 24, 1937, a master's sale was held under the foreclosure decree, and the real estate was sold by the master for $5,000 to defendant, B. Perlman. At the time of the sale the property was subject to unpaid taxes and special assessments of about $7,000. One Harry Blumberg, who is not a party to this proceeding, but is the father of defendant, B. Perlman, for some time prior to the master's sale, was the owner of bonds secured by the first trust deed totaling $13,200, which bonds were used by defendant B. Perlman to apply on account of her purchase at the master's sale. The 12-month period of redemption expired November 24, 1938, and the 15-month period of redemption expired February 24, 1939.

The real estate was also incumbered by a second mortgage securing notes totaling $2,000, which were executed by defendant L. Cohen.

On November 1, 1938, plaintiff herein obtained judgment against defendant L. Cohen for $2,912.50 on the notes secured by the second mortgage, and caused execution to be served on said L. Cohen on November 7, 1938. At the time of the entry of the plaintiff's judg-

ment, the defendant L. Cohen had no other judgment creditors, and as a result, plaintiff had a prior right to redeem as a judgment creditor on November 25 and November 26, 1938, from the master's sale.

Defendant L. Cohen was indebted to the defendant Milt M. Blumberg, on January 8, 1934, in the sum of $2,000, and at or about that time a note was prepared payable to the order of Milt M. Blumberg for L. Cohen's signature, but L. Cohen did not sign it at the time.

On or about November 6 or 12, 1938, defendant Milt M. Blumberg gave the signed note to defendant, William H. Kailes, an attorney at law. Defendant Kailes suggested to Blumberg that the defendant, Paul Pogue, an attorney, should represent him. He made no further suggestions to defendant Blumberg, leaving all other recommendations to Pogue. At the time defendant Blumberg called upon defendant Kailes, he gave Kailes $50 in cash as a retaining fee for Pogue, and Kailes gave the note and money to Pogue shortly after he received it from Blumberg.

Subsequently, on November 13, 1938, Kailes and a son of L. Cohen went to the office of Harry Hoffman. Kailes, it is suggested, was not the attorney for L. Cohen, but a son-in-law of Cohen's present wife. And, also it is claimed, that Harry Hoffman was not the attorney of record for plaintiff in her judgment against L. Cohen, the attorney of record being Joseph J. Levin.

The defendant Milt M. Blumberg obtained judgment against L. Cohen for $2,640 on December 12, 1938; his attorney of record being defendant Paul Pogue. On the day judgment was entered, execution was issued and redemption made by paying to the sheriff the sum of $11,421.31.

Judge PRYSTALSKI, on January 16, 1939, denied the motion of plaintiff to restrain the sheriff from proceeding with the public sale to be held by virtue of the redemption of Milt M. Blumberg. A sheriff's sale was held on January 17, 1939, under the redemption by

Blumberg and the premises were sold to Blumberg for $11,421.31, plus the amount of his judgment, being redemption money, interest, sheriff's charges, and the amount due on his judgment against Cohen. The plaintiff redeemed, on January 18, 1939, from the sheriff's sale held on January 17, 1939, by paying to the sheriff $14,252.26. Thereafter, on February 21, 1939, the sheriff held a sale under plaintiff's redemption and the premises were sold to her for $17,261.91, which included the redemption money, interest, sheriff's charges, and the amount due on her judgment against Cohen, with the exception of a deficiency of $101.25. This amount was paid by Cohen to the sheriff, on March 7, 1939, and the deficiency against Cohen satisfied thereby. Sheriff's certificate was issued February 21, 1939, to plaintiff, and subsequently assigned to her attorney, Irving Hoffman; and the sheriff subsequently executed and delivered sheriff's deed to Irving Hoffman, which deed bore revenue stamps of $17.50 and was recorded in the office of the recorder of deeds of Cook county, Illinois.

The plaintiff's theory of the case which justified the court in entering the decree from which defendants appeal, is that the defendants herein persuaded the plaintiff, a bona fide judgment creditor, to defer redeeming from a certain foreclosure sale, and then, while plaintiff forbore redeeming, defendants deprived her of the right to make that redemption by obtaining a fraudulent judgment and effecting a fraudulent redemption through a sham judgment creditor; and that thereby defendants became liable in fraud to the plaintiff for the damages they had caused her.

In other words, when we come to examine the facts in this case, the plaintiff, in redeeming from the sale that was made to Milt M. Blumberg pursuant to the judgment which he obtained by confession against Lieb Cohen, was required to pay the amount that was due as alleged on this Blumberg-Cohen judgment; and,

therefore, she suffered damages to the extent of said Blumberg-Cohen judgment. The plaintiff further suggests that a judgment entered and foreclosure redemption effected, not in good faith, but for the purpose of defeating the just and lawful claims of a bona fide judgment creditor, is fraudulent as against that judgment creditor, even if the challenged judgment was based on a note supported by good and valuable consideration. The plaintiff cites in support of this theory the case of *Svalina v. Saravana*, 341 Ill. 236, in which the court said that a transfer of property must not only be upon a good consideration but it must also be bona fide; that even though the grantee pays a valuable, adequate and full consideration, yet if the grantor sells for the purpose of defeating the claims of creditors and the grantee knowingly assists in such fraudulent intent, or even has notice thereof, he will be regarded as a participant in the fraud, and the fraudulent deed may be set aside by creditors. The rule has been adopted by the Supreme Court, that a conveyance with intent to disturb, hinder or delay creditors is void as against such creditors, and where the owner of an equity of redemption conveys his property with intent to cheat and defraud creditors and to defeat the rights of his wife, who was suing for divorce and alimony, and the purchaser takes the conveyance with knowledge of the rights of such parties and redeems the property from a foreclosure sale claiming to be a bona fide purchaser, the redemption will be treated as a redemption by the owner of the equity, leaving the title in the same condition as before foreclosure, except for the removal of the mortgage lien.

It appears from the facts before us that plaintiff was a bona fide holder of the amount due by reason of a second mortgage on the property in question; that, judgment having been taken on the notes secured by plaintiff's second mortgage, plaintiff, as a judgment creditor, would have the right to redeem from the first mortgage foreclosure sale. The defendants appear to

have urged that she defer redeeming and, during the period that she did not redeem, the defendants by the method that was adopted, had a judgment entered upon a judgment note executed by Leib Cohen for moneys that it is alleged were due to Milton M. Blumberg, the evidence seeming to indicate that this loan or series of loans was made several years ago, at least, prior to January 8, 1934. That, on the last mentioned date, defendant Blumberg prepared a judgment note for his relative, L. Cohen, the relationship as hereinbefore set forth, to sign, but as we have indicated, the note was not signed until five years afterwards; and that upon the signing of the note, a judgment by confession was entered on the note, execution issued, and redemption made by Blumberg as a judgment creditor, all on the same day. Therefore, when the plaintiff sought to redeem, she was, of course, obliged to pay the amount of Blumberg's bid at the sheriff's sale held January 17, 1939, which bid was for $11,421.31, plus the amount of the Blumberg-Cohen judgment, being redemption money, interest, and sheriff's charges. By being required to pay the amount of the Blumberg-Cohen judgment which was used by Blumberg to effect this redemption, plaintiff suffered damages.

The rule of the Supreme Court which we have called attention to was early adopted in the case of *Beidler v. Crane,* 135 Ill. 92, and followed in *Clark v. Harper,* 215 Ill. 24; *Garlick v. Imgruet,* 340 Ill. 136.

The defendants, however, contend that the evidence offered upon the questions, as we have stated, is controverted. While that may be so, it was for the trial court to pass upon this question upon the pleadings and from all the facts and circumstances appearing in this case from the stipulation of facts, stipulation of testimony, and objections filed to portions of said stipulations, and the court determined that the plaintiff was entitled to recover on the pleadings as they appear in this record together with the evidence before the court.

It has been the general rule that has been adopted by the courts that direct evidence is not always available to prove fraud and it must be inferred from the circumstantial facts, and that rule must be applied, with the same force, by the court to determine whether fraud was the motive that actuated the defendants in doing the acts that appear from the record.

But, the defendants contend that the plaintiff did not suffer any damages and that from her supplemental complaint she states:

"  . . .  consequently, plaintiff suffered approximately $3,000.00 in damages; that it is apparent now that the aforesaid negotiations were instituted by the defendants and were part of the conspiracy to gain sufficient time to make the necessary preparations regarding the Blumberg judgment and thereby defraud plaintiff out of the approximate sum of $3,000.00, or to increase their redemption price in order to make redemption prohibitive." and call our attention to the case of *Hilton v. Meier,* 257 Ill. 500, and quote from the opinion of the court as follows:

"If, as alleged, the note upon which the Meier judgment was confessed was given without consideration, this would have afforded appellants sufficient ground for equitable relief had they not placed themselves in such a position as to be estopped by their own actions from seeking relief. It is admitted by the amended and supplemental bill that Hibben, who was the agent of appellants and was acting for them and held the sheriff's certificate of sale for their use, attended the sale on February 27, 1912, saw Meier bid off the property and immediately surrendered the certificate of sale held by him to the sheriff and accepted the redemption money. That part of the money which had been advanced by the appellant Frederick L. Hilton was at once paid to him and the balance paid to his father. This money was retained by the Hiltons and no offer made to return it for more than two months and when the de-

78

murrer herein had come on for argument. This conduct amounted to a ratification of the redemption and of the sale to Meier. Having made no objection at the time of sale and having accepted the redemption money, it will be presumed that appellants acquiesced in the redemption and waived any irregularities that may have occurred.''

The defendants rely on this case as foreclosing any right of recovery on the part of the plaintiff, and contend that by redeeming the premises and paying therefor the amount that was bid at the redemption sale, held pursuant to the Blumberg-Cohen judgment and execution, plus the amount of her judgment except for $101.25 deficiency thereon, she thereby satisfied her own judgment. In considering the instant case, it appears that the judgment and redemption by Blumberg must not only have been for a good and valuable consideration but also have been bona fide, and even if Blumberg redeemed for a valuable consideration, by paying the redemption price, yet, if he redeemed for the purpose of defeating the claim of the plaintiff in this action, and the defendants that are in this proceeding knowingly assisted in such fraudulent intent, or even had notice thereof, they will be regarded as participants in the fraud, and the law never allows an individual to assist in cheating another. It appears that it was the purpose of committing a fraud on the plaintiff, in requesting her to defer from making a redemption, and, in the meantime, producing this note from Cohen and entering judgment and then redeeming; which meant only that if plaintiff wished to redeem she would have to add to the amount, otherwise required for her to redeem, the amount that was included in the Blumberg judgment, and, therefore, she was defrauded to that extent. This appears from the facts that on December 12, 1938, Milton M. Blumberg obtained judgment against Leib Cohen for $2,640, and on that day execution was issued and redemption effected by paying to the sheriff $11,-

421.31. A sheriff's sale was held on January 17, 1939, under the redemption by Blumberg, and the premises were sold to Blumberg for $11,421.31, plus the amount of his judgment against Cohen for $2,640. The plaintiff, the following day, January 18, 1939, redeemed from the sheriff's sale by paying to the sheriff $14,252.26. Thereafter, on February 21, 1939, the sheriff held a sale under plaintiff's redemption and the premises were sold to her for $17,261.91, which included the redemption money, interest, sheriff's charges, and the amount due on her judgment against Cohen, for $2,912.50, the amount due on the notes secured by the second mortgage, with the exception of a deficiency of $101.25, which was subsequently paid to the sheriff by Cohen.

So, when we come to consider all the facts in this record the court was fully justified in entering the decree which was entered against the defendants, from which defendants appeal to this court. There are other questions which seem to have been raised, which are largely questions of fact and the court having passed on the questions of fact, the only question is whether the decree is against the manifest weight of the evidence, and that does not appear from an examination of the facts in this case.

For the reasons above stated the decree is affirmed.

*Affirmed.*

Denis E. Sullivan, P. J., and Burke, J., concur.