(No. 34139.—▮▮▮▮▮▮▮▮)

Zweifel Manufacturing Corporation *et al.*, Appellants, *vs.* The City of Peoria, Appellee.

*Opinion filed May 23, 1957—Rehearing denied September 16, 1957.*

490

Maurice J. Nathanson, and Seymour M. Lewis, both of Chicago, and Kavanagh, McLaughlin & Bond, of Peoria, (Franklin J. Stransky, of Chicago, of counsel,) for appellants.

Max J. Lipkin, of Peoria, for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Zweifel Manufacturing Corporation and its lessee, Peoria Motors, Inc., brought an action against the city of Peoria in the circuit court of Peoria County, seeking a judgment declaring invalid certain conditions imposed by the zoning board of appeals in connection with the granting of a variation to the plaintiffs. At the conclusion of a trial, judgment was entered denying relief.

Plaintiffs' property is located at the northwest corner of Knoxville and Armstrong avenues in the city of Peoria. It has a frontage of 275 feet north and south along Knoxville Avenue, and a depth of about 160 feet east and west along Armstrong Avenue. The north 150 feet of the property has a greater depth extending some 115 feet farther west. This portion extending to the west, referred to herein as the "rear" portion, is situated in a two-family residence zone. The part fronting on Knoxville Avenue is located in a class "F" neighborhood commercial district. On application of plaintiffs the zoning board of appeals, on June 10, 1953, granted a variation from certain construction and use requirements, to permit the erection of a proposed one-story building facing Knoxville Avenue, for an automobile sales and service business, and the use of a portion of the rear area for parking purposes. The board denied a request for permission to use the premises for sale of used cars pending construction of the building, and imposed a number of conditions upon the granting of the variance. Among such conditions the order provided that "the area between the front line of the building on Knoxville Avenue and the front property line shall not be used for parking purposes but shall remain vacant and appropriately landscaped."

A building was thereafter constructed substantially in accordance with the plans, except that a proposed ramp

along the north side of the building for use in storing cars on the roof was not included, thus leaving 35 feet between the building and the north property line. The north section of the building is set back 67.3 feet west from Knoxville Avenue, leaving a total vacant area on the front and north sides of 11,000 square feet. On application of the plaintiffs for a clarification and modification of the order of June 10, 1953, the board entered a supplemental order, on August 10, 1954, granting permission to erect a sign and to utilize a greater portion of the rear area for parking purposes. It prohibited any use of the areas on the front and north of the building for displaying or parking automobiles, and ordered that the area in front be appropriately landscaped. Plaintiffs claim a right to use the 11,000 square foot area as a used-car lot when operated in conjunction with a new-car business; and they allege the board exceeded its powers in requiring that the area be landscaped and left vacant.

In its judgment order the circuit court held (1) that by improving and using the premises under the benefit of the variation granted, "the plaintiffs accepted the decisions of the Zoning Board of Appeals and are now estopped from attacking the same;" (2) that the orders of the board were not beyond its discretionary powers; and (3) that because plaintiffs failed to prosecute an action for review under the Administrative Review Act they are bound by the decisions of the board. In this court plaintiffs contend that the orders of the board unconstitutionally deprive them of property; that insofar as they impose the conditions in question they are void for lack of findings of fact; that the zoning ordinance cannot be construed to prohibit a used-car business which is incidental to a new-car business, and if so construed it would be unconstitutional; that plaintiffs are not estopped from questioning the validity of the board's orders; and that their judicial

remedies are not confined to a review under the Administrative Review Act.

It is evident that plaintiffs are not in a position to complain of the conditions in question. The order of June 10, 1953, which required the front area to remain vacant, granted them the benefit of a variation from the terms of the ordinance, enabling them to construct their building in the desired manner and to utilize a portion of the area in the rear (located in a two-family residence district) for parking purposes. It is not denied that in the absence of such variation plaintiffs would have had no right to do so. Upon entry of the order they proceeded to construct the building in substantial conformity with the plans they had submitted to the board, and to use the property in accordance with the variation granted. By the supplemental order of August 10, 1954, the board permitted plaintiffs to erect a sign and to use the entire rear area for parking purposes. It reaffirmed the restriction against used-car sales and the requirement that the front area remain vacant, including in such requirement the area on the north left vacant when the proposed ramp was omitted.

It cannot be denied that the board had jurisdiction of the subject matter and the parties. Plaintiffs did not pursue their remedy for review under the Administrative Review Act, but instead accepted the benefits granted to them by the terms of the variations. They now assert that the portions of the orders which granted the benefit of variations are valid, but that the portions imposing the conditions are void. Such a position cannot be sustained. A party who has accepted and retained the advantages of an order cannot be heard to attack the validity or propriety of conditions upon which its right to such advantages was expressly predicated. (*Allendorf* v. *Daily*, 6 Ill.2d 577, 589-590; *People ex rel. Jackson* v. *Suburban Railroad Co.* 178 Ill. 594, 607.) By accepting the advantages of the variation

494

they have waived whatever error may have existed in imposing the conditions upon which the variation was granted. See *Hilton* v. *Meier*, 257 Ill. 500; *Hartshorn* v. *Potroff*, 89 Ill. 509; *Walker* v. *Mulvean*, 76 Ill. 18.

The plaintiffs further contend that the ordinance is unconstitutional if construed to exclude the display and sale of used reconditioned cars acquired in exchange on the sale of new ones. The ordinance prohibits "second-hand automobile storage or sales" in class "F" neighborhood commercial districts. The constitutional contention is based on the argument that the sale of used cars taken in exchange on new cars is customarily an integral part of the new-car business, and that it is essential for profitable operation to have the display of used cars as close as possible to the principal place of business. There is no evidence showing to what extent, if any, the plaintiffs' property is diminished in value by the restriction. The testimony introduced on their behalf establishes merely that it is the general custom of automobile dealers to operate the used-car lot adjacent or in close proximity to the new-car department, and that the plaintiffs are obliged to incur additional expense by maintaining their used-car lot at a distance from their new-car agency. That expected profits will be diminished if the desired use is not permitted is clearly insufficient as a basis upon which to declare the restriction void. *First National Bank of Lake Forest* v. *County of Lake*, 7 Ill.2d 213.

In regulating the use to which property may be devoted in a particular district, the city council must employ classifications which bear a substantial relation to the public health, safety, or welfare. (*City of Chicago* v. *Sachs*, 1 Ill.2d 342; *Johnson* v. *Village of Villa Park*, 370 Ill. 272.) But in the absence of evidence to the contrary, the legislative judgment of the city council is conclusive. The party assailing the validity of an ordinance must prove by clear and convincing evidence that it is arbitrary and un-

reasonable. The presumption is that the zoning ordinance is valid. (*Mundelein Estates, Inc.* v. *Village of Mundelein,* 409 Ill. 291.) It is the primary province of the city council to draw the line of demarcation in defining and classifying the uses of property, and where there is room for a fair difference of opinion concerning the reasonableness of an ordinance the courts will not interfere with the legislative judgment. *First National Bank of Lake Forest* v. *County of Lake,* 7 Ill.2d 213; *Dunlap* v. *City of Woodstock,* 405 Ill. 410.

There is nothing in the plaintiffs' proof to show that the restriction against storage and sale of second-hand automobiles is arbitrary and capricious, or is unrelated to the proper objects of police power. All they show or argue is that the restriction diminishes the profits from their business. It is evident that the record lacks the facts necessary to establish invalidity of the ordinance. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*