In the Matter of Leo Jones, Bankrupt.

Leo JONES and Annie Ruth Jones, Petitioners-Appellants,

v.

BANK OF LINCOLNWOOD, Respondent-Appellee.

No. 14345.

United States Court of Appeals Seventh Circuit.

March 20, 1964.

Albert Koretzky, Chicago, Ill., for appellants.

Lewis W. Schlifkin, James C. Wickline, A. E. Peterson, Chicago, Ill., for Bank of Lincolnwood.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Petitioners, Leo Jones and Annie Ruth Jones, his wife, appeal from an order of the district court affirming an order of the referee in bankruptcy dismissing their petition against respondent Bank of Lincolnwood.

The district court modified the referee's order to provide that such dismissal be without prejudice to petitioners' right to make their claims and seek relief in the state courts.

Petitioners filed the petition, during bankruptcy proceedings against Leo Jones, seeking an order declaring a trust deed to be invalid. The trust deed was given to secure a loan by respondent to petitioners.

Petitioners alleged the trust deed was procured by fraud, lacked valid consideration and that a note secured by the trust deed was tainted with usury.

Petitioners contend that upon sale of the property in question through bankruptcy proceedings, Leo Jones is entitled to a homestead exemption under Illinois law [1] and Annie Jones an inchoate dower interest.

Respondent was the owner of a note in the amount of $7,789.80, which included principal of $5,564, together with interest computed for a period of five years. The note was secured by a trust deed running to Chicago Title and Trust Company as trustee. Record title to the property in question at the time the trust deed was executed was in Lawndale National Bank as trustee under an Illinois land trust.

Petitioners, who were in possession of the premises at the time the trust deed was executed, signed a written order to Lawndale to execute the trust deed to Chicago Title and Trust Company. Respondent, believing petitioners to be the beneficial owners of the property, accepted the order and forwarded it to Lawndale. Lawndale returned the order and by letter advised respondent that petitioners had no interest in the trust.

Respondent wrote to an agent of Lawndale, agreeing to repay a loan made by Friendly Loan Company to petitioners upon condition that all interest in the property would be released to petitioners. The letter was accompanied by the trust deed and note for execution.

The agent obtained execution of the trust deed and note, and returned them to respondent with written instructions concerning recording the trust deed and repaying petitioners' loan. Petitioners received a copy of this letter. The trust deed was recorded.

Respondent received a written direction from petitioners to disburse the proceeds of its loan. It issued checks in reliance upon this direction.

Respondent, by letter to an agent of Lawndale, requested an assignment of beneficial interest in the trust to petitioners. Respondent was informed by letter that such an assignment could not be made.

Title was then conveyed by Lawndale, as trustee, to petitioners "subject to the lien of every trust deed or mortgage (if any there be) of record in said county,

---

[1]. Sections 1 and 4 of Ill.Rev.Stat. ch. 52 (1959) provide:

"1. Homestead.] § 1. Every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $2,500, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes * * * except as hereinafter provided."

"4. How estate extinguished.] § 4. No release, waiver or conveyance of the estate so exempted, shall be valid, unless the same is in writing, subscribed by the householder and his or her wife or husband, * * * and acknowledged in the same manner as conveyances of real estate are required to be acknowledged * * *."

given to secure the payment of money and remaining unreleased on the date hereof." Petitioners executed a written guaranty in which they assumed and agreed to pay the note secured by the trust deed and agreed to be bound by all the terms, provisions and conditions of the note and trust deed.

Pursuant to the written direction of petitioners, the proceeds of this loan were disbursed to pay their debts and for improvements on their property. Petitioners made nine monthly payments to respondent under the trust deed and then defaulted. Leo Jones was adjudicated a bankrupt and during the bankruptcy proceedings filed the present petition, in which his wife joined, attacking the validity of the trust deed.

The referee in bankruptcy conducted hearings and at the close of petitioners' case entered an order dismissing the petition. In his order the referee made specific findings of fact and conclusions of law to the effect that respondent was not guilty of fraud, misrepresentation or in charging usurious interest rates in connection with the execution of the trust deed; that respondent was a bona fide purchaser for value; that respondent had relied upon record title in disbursing funds under the trust deed; that petitioners had waived their homestead and dower interests in the property in the trust deed; and that petitioners had ratified the transaction and were estopped to deny the validity of the trust deed.

The district court, entertaining a petition for review, affirmed the referee's order.

The referee made findings of fact left undisturbed by the trial court on its review. These are amply supported by the record and are not clearly erroneous. They fully support the conclusions reached by the referee and sustained by the district court. In Re Rafdo Enterprises, Inc., 7 Cir., 297 F.2d 505, 507 (1962).

It is clear to us, as it was to the referee and the district court, that respondent Bank of Lincolnwood is a bona fide mortgagee and that it disbursed its loan in reliance upon the record title in good faith and upon the written direction of and for the sole benefit of petitioners.

It is apparent that by the guaranty, the disbursement certificate, the direction to Lawndale Bank to execute the trust deed, all signed by petitioners, and by accepting the benefits of the loan and making payments thereon, petitioners ratified the entire transaction under scrutiny and are estopped to deny the validity of the trust deed. See Hilton v. Meier, 257 Ill. 500, 100 N.E. 962 (1913); Loughran v. Gorman, 256 Ill. 46, 99 N.E. 886 (1912).

We find no merit in the contention that petitioners' waiver of homestead was limited to and effective only for their deed in trust to Lawndale Bank.

Finding no error, the order of the district court appealed from is affirmed.

Affirmed.