(No. 12940.—Demurrer to pleas sustained.)

CECELIA THOEMING *et al.* Defendants in Error, *vs.* CHARLES A. HAWKINS, County Clerk, *et al.* Plaintiffs in Error.

*Opinion filed February 18, 1920.*

1. APPEALS AND ERRORS—*replication to plea of release of errors admits facts not denied.* The rule of pleading that a fact alleged on one side and not denied by the other is admitted applies to the replication to a plea of release of errors.

2. SAME—*when compliance with judgment or decree does not operate as a release of errors.* The voluntary payment, performance or satisfaction of a judgment, order or decree which confers no benefit cannot operate as a release of errors, and obedience to a decree does not affect the right to a writ of error, but a voluntary acceptance of the benefits conferred by the decree is a release of errors.

3. SAME—*release of errors must be by party entitled to the writ.* A release of errors must be by the acts of a party having a right to release errors, and no party can release an error which is personal to another.

4. SAME—*failure to appeal from decree does not constitute release of errors—injunction.* Failure to appeal from a decree does not bar the right to prosecute a writ of error within the time limited by the statute, and the mere obedience to a decree enjoining a county clerk and collector from proceeding to enforce collection of a drainage assessment does not operate as a release of errors.

5. DRAINAGE—*what act of commissioners does not bar right of county collector to writ of error.* Where the county clerk and collector have been enjoined from enforcing the collection of a delinquent assessment because the land owners have appealed from the commissioners' order of confirmation, the facts that the commissioners appeared in the county court and defended their classification and that the county clerk attended to his duties in the court during the hearing of the appeal do not bar the right of the clerk and collector to a writ of error to review the injunction decree.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

S. S. DUHAMEL, and DOBBINS & DOBBINS, for plaintiffs in error.

W. THOMAS COLEMAN, EDWARD C. CRAIG, DONALD B. CRAIG, FRED H. KELLY, and JAMES C. VANMETER, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendants in error filed their bill of complaint in the circuit court of Douglas county alleging that they were the owners of lands in Drainage District No. 5 of the town of Tuscola, county of Douglas, State of Illinois; that the commissioners adopted plans for additional work in the district and classified the lands of the district for the purpose of assessment to pay for such work and fixed a time for hearing objections to the classification; that the complainants appeared and objected to the classification but it was confirmed; that within ten days after the classification was confirmed they filed appeal bonds in the county court of Douglas county; that notwithstanding the appeals the commissioners assessed their lands on the classification made and confirmed, and the assessments not being paid were returned as delinquent, and that the county collector filed an application for judgment against their lands for the payment of the delinquent assessments. They made the county clerk and collector defendants to the bill and prayed for an injunction prohibiting them from selling the lands of complainants for the delinquent assessments, which they were threatening to do. A temporary injunction was granted and the bill was answered and the issues referred to the master in chancery. On the reference it was proved that the classification was made as alleged and was confirmed by the commissioners on October 6, 1917, over the objections of the complainants; that on October 16, 1917, the complainants presented appeal bonds to the county clerk directing him to file them away until further called for; that nothing further was done in the prosecution of the appeals, and that

neither the commissioners nor the defendants knew that appeal bonds had been filed until after judgment was rendered by the county court for the delinquent assessments. The master recommended that the defendants should be permanently enjoined from proceeding with the sale of the lands by virtue of the judgment of the county court. The chancellor overruled exceptions to the report except as to the recommendation of a permanent injunction irrespective of the outcome of the appeals, and entered a decree accordingly. The decree enjoined the defendants from attempting to enforce the judgment of the county court until the appeals were disposed of, and provided that when the appeal cases should be heard, if the classification was in no way changed the defendants should not be further enjoined, and if the classification should be changed and reduced the defendants should only collect the amounts of the assessments levied on the classification as changed or sell the lands for such amounts. The defendants sued out a writ of error from this court to review the decree and assigned errors on the record. To the assignment of errors the defendants in error filed five pleas of release of errors. The plaintiffs in error demurred to the first plea and filed a replication to the second, third, fourth and fifth. The defendants in error confessed the demurrer to the first plea and demurred to the replication. The plaintiffs in error moved the court to carry the demurrer to the replication back to the pleas, and the cause was submitted on the demurrer and motion.

The pleas, when relieved of protracted and useless verbiage, argument, immaterial matters and surplusage, allege that the plaintiffs in error, county clerk and county collector of Douglas county, did not appeal from the decree sought to be reviewed in this case enjoining them from selling the lands of the defendants in error under the judgment of the county court; that the drainage commissioners appeared upon the hearings in the county court of the appeals from the classification made and confirmed by them, and that the

plaintiffs in error acquiesced in the decree by not appealing from it and permitting the drainage commissioners to contest the appeals in the county court. The replication denied that the plaintiffs in error participated in the trial of the appeals in the county court, except that the county clerk participated therein in the performance of his ordinary duties as clerk of the county court and in no other way, which was not at the instance, procurement, suggestion or advice of the commissioners but only in the performance of his lawful duties, and that the failure to appeal from the decree was not at the direction, suggestion or advice of the commissioners.

It is a fundamental rule of pleading that a fact alleged on one side and not denied upon the other is admitted, and therefore the facts alleged in the pleas and not specifically denied by the replication are admitted to be true. (*Waggeman* v. *Lombard,* 56 Ill. 42; *Lettick* v. *Honnold,* 63 id. 335; *Simmons* v. *Jenkins,* 76 id. 479.) The demurrer to the replication is based on that rule, by which the plaintiffs in error admitted that they did not appeal from the decree and that the drainage commissioners contested the appeals in the county court, and sets up that the replication seeks to put in issue allegations of the pleas that are surplusage and immaterial. The question, therefore, on the motion to carry the demurrer back, is whether the facts that the plaintiffs in error did not appeal from the decree and that the commissioners contested the appeals in the county court amount to a release of errors.

If a party to a decree voluntarily accepts benefits conferred on him by it, his acceptance is a release of errors in the decree. (*Morgan* v. *Ladd,* 2 Gilm. 414; *Ruckman* v. *Alwood,* 44 Ill. 183; *Moore* v. *Williams,* 132 id. 591; *Trapp* v. *Off,* 194 id. 287; *Langher* v. *Glos,* 276 id. 342.) The act relied upon as a release of errors must, however, be voluntary in the sense that the party is not required by the decree to do the act, and the voluntary payment, per-

formance or satisfaction of a judgment, order or decree which confers no benefit cannot operate as a release of errors. The payment of a judgment or obedience to a decree does not affect the right to question the judgment or decree by writ of error, and does not operate as a release of errors even if there is an agreement that a decree shall be executed as entered. (*Richeson* v. *Ryan,* 14 Ill. 74; *Hatch* v. *Jacobson,* 94 id. 584; *Page* v. *People,* 99 id. 418; *Beardsley* v. *Smith,* 139 id. 290; *Schaeffer* v. *Ardery,* 238 id. 557; *Lott* v. *Davis,* 262 id. 148.) In any case, a release of errors must be by the acts of a party having a right to release errors, since no person can release an error which is personal to another. (*Henrickson* v. *VanWinkle,* 21 Ill. 273; *Fahey* v. *Town of City of Bloomington,* 266 id. 501.) It scarcely need be said that the failure of the plaintiffs in error to appeal from the decree does not constitute a release of errors or bar the right of the plaintiffs in error to prosecute their writ of error within the time limited by the statute. Such an application of the law would abolish writs of error. So far as acquiescence in the decree is concerned, all that is alleged is that the plaintiffs in error obeyed the decree, which conferred no benefit on them, and did not put themselves in contempt of court by disobeying the injunction. If the fact that the commissioners of the drainage district did not abandon their duties and permit a default on the hearing of the appeals but endeavored to sustain their classification affected their rights in any way, their act did not concern the plaintiffs in error, who had no right to appear on the hearing of the appeals. They had been enjoined from executing a judgment of the county court for the sale of the lands of the defendants in error until the appeals were tried and then to conform to the judgment entered on the appeals. There is no ground upon which it can be said that the act of the commissioners in defending their classification could operate as a release of errors by the plaintiffs in error.

The demurrer to the replication is carried back to the pleas and sustained. The defendants in error, if so advised, may join in errors by filing their brief and argument on the first day of the next term of this court.

*Demurrer to pleas sustained.*

(No. 13001.—Reversed and remanded.)
THE INLET SWAMP DRAINAGE DISTRICT, Appellee, *vs.*
FRED MEHLHAUSEN *et al.* Appellants.

*Opinion filed February 18, 1920.*