(No. 12940.—Reversed and remanded.)
CECILIA THOEMING *et al.* Defendants in Error, *vs.* CHARLES
A. HAWKINS *et al.* Plaintiffs in Error.

*Opinion filed June 16, 1920—Rehearing denied October 6, 1920.*

1. DRAINAGE—*appeals from classification operate to stay proceedings until disposed of.* Appeals from a classification of lands for drainage purposes, when regularly taken within the time fixed by statute and the appeal bonds are accepted and approved by the county clerk, operate as a *supersedeas* or stay of proceedings until the appeals are disposed of.

2. SAME—*when proceeding to enforce collection of unlawful assessment is not necessarily void.* Where drainage commissioners, who had no knowledge that appeals were taken from the classification of lands, levy an assessment while the appeals remain undisposed of, the assessment is unlawful and the defense that the appeals were pending is available to the land owners on the application for judgment and order of sale, but the proceedings to enforce the collection of the assessment are not necessarily void although subject to be set aside on motion.

3. SAME—*when land owners cannot apply to court of equity to enjoin collection of assessment.* Although the levy of a drainage assessment while appeals are pending from the classification of lands is unlawful, land owners who give no heed to the collector's application for judgment and order of sale, and who do not perfect their appeal from a denial of their motion to set aside the judgment and order of sale, cannot apply to a court of equity to enjoin the collection of the assesssment.

4. EQUITY—*equity will not give second opportunity to make defense which was available at law.* Where a defense is available at law and there is no sufficient reason for a failure to make it, a court of equity has no power to grant relief against the judgment and will not give a complainant a second opportunity to make his defense.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

S. S. DuHAMEL, and DOBBINS & DOBBINS, for plaintiffs in error.

W. T. COLEMAN, EDWARD C. CRAIG, DONALD B. CRAIG, and JAMES C. VANMETER, for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The record in this case was brought to this court by writ of error and the defendants in error filed pleas of release of the errors assigned. A demurrer to the pleas was sustained, (*Thoeming* v. *Hawkins,* 291 Ill. 454,) and thereafter there was a joinder in error, and the cause has been submitted for decision upon the errors assigned.

The nature of the suit and the averments of the bill were stated when the demurrer was sustained, and from the recital of such averments it will be observed that no reason for not interposing a defense in the county court to the application for judgment was stated but the sole reliance for relief in equity against the judgment was the fact that the assessment was levied after appeals had been taken from the classification. Notwithstanding the want of any averment of an equitable defense or any excuse for neglecting to defend against the application for judgment, an answer was filed which denied the appeals alleged were perfected in compliance with the statute, and averred that the complainants deposited the appeal bonds with the county clerk and asked him to put them away and keep them until called for; that the commissioners had no notice or knowledge that the bonds were filed until June 4, 1918; that the complainants had notice of the assessment from the treasurer of the district; that notices of the assessment were mailed to them by the county collector on or about April 10, 1918, and a delinquent list was published as provided by law, by which the county court obtained jurisdiction to render the judgment; that the complainants made no appearance in the county court to object to a judgment until after it had been rendered; that on June 15, 1918, at the same term, they entered their appearance in the county court and moved the court to vacate the judgment, and the county court, after a hearing, overruled their motion, and that they prayed an appeal to this court but did

not perfect the appeal. Based on these averments the answer denied the right of the complainants to any relief in equity against the judgment. There was no amendment of the bill to meet the defense set up in the answer by setting out the grounds on which the alleged defense was rested and making an issue of fact or alleging matter of avoidance so as to subvert the defense, according to the usage and practice in equity pleading. The case has been submitted upon arguments whether the complainants had an adequate remedy at law, which they neglected to present to the county court on the application for judgment but afterward availed themselves of by the motion to vacate the judgment at the same term at which it was rendered.

The evidence established the following facts: The complainants attended the hearing held by the commissioners and objected to the classification of their lands, but the classification was confirmed on October 6, 1917. On October 16, 1917, the complainants filed their several appeal bonds with the county clerk by presenting them to a deputy in the office, who was directed to file them away until called for. No action was taken on the appeals, and the commissioners, having no knowledge that appeals had been taken, levied an assessment on the classification and returned the same to the county collector, who applied for judgment. Notices had been given to the complainants by the treasurer of the district, and notices were also sent through the mail containing a statement of the delinquent assessment and notice was published of the application as required by law. At the same term at which the judgment was rendered the complainants moved the court to set aside the judgment, and in their written motion stated the fact that appeals from the classification had been taken, and that they did not cause any objections to be filed against the application of the county collector because they were informed by their attorneys that nothing was required to be done except the filing of the appeal bonds, which acted as a *super-*

*sedeas,* and no judgment could be taken against their lands
for the delinquent taxes so long as the appeals were pend-
ing and undetermined. The motion was denied and an ap-
peal to this court was allowed but was not perfected.

The appeals were regularly taken within the time fixed
by the statute, and when the bonds were accepted and ap-
proved by the county clerk the matter of the classification
of lands was pending in the county court. (*Frahm* v. *Craig
Drainage District,* 200 Ill. 233.) The appeals operated as
a *supersedeas* or stay of proceedings until the appeals were
disposed of. (*Smith* v. *Chytraus,* 152 Ill. 664; *Cowan* v.
*Curran,* 216 id. 598; *City of Chicago* v. *Lord,* 281 id. 416.)
The commissioners, having no knowledge of the appeals,
levied the assessment, which was unlawful, and that de-
fense was available to the complainants on the application
of the county collector for judgment. The appeals were
not from a judgment of a court, and if they had been it
would not necessarily follow that every act in pursuance
of a judgment appealed from is necessarily void although
subject to be set aside on motion. (*Curtis* v. *Root,* 28 Ill.
367; *Oakes* v. *Williams,* 107 id. 154; *Shirk* v. *Metropolis
and New Columbia Gravel Road Co.* 110 id. 661.) The
assessment was levied and returned as delinquent, and the
county court had jurisdiction to determine every question
concerning the legality of the assessment and obtained juris-
diction of the persons in the manner prescribed by the stat-
ute, but the complainants gave no heed to the application,
because, as they alleged, they were informed that no judg-
ment could be taken against their lands. After the judg-
ment they made their motion to set it aside and proved
that the bonds were regularly filed with the county clerk,
which, as a matter of law, superseded the classification and
made the assessment unlawful. The county court still hav-
ing jurisdiction over its judgment had power to set it aside
and permit the defense to be made, but the fact that the
motion was denied did not justify an appeal to a court of

294 – 3

equity to review the judgment of the county court and de-
cide that it was wrong and set it aside or modify it in any
way. The complainants prayed an appeal to this court,
which was allowed but was not perfected.

Courts of equity interpose to grant relief against judg-
ments in a limited class of cases and always upon some
recognized ground of equity jurisdiction. Examples of such
interposition are cases where the defense is equitable and
not admissible in a court of law, or where the complainant,
without any fault or negligence in himself or his agents,
was prevented from making his defense by fraud or decep-
tion or failed to make it through mistake, surprise or some
accidental circumstance beyond his control. Where a de-
fense is available at law and there is no sufficient reason
for a failure to make it, a court of equity has no power
to grant relief against the judgment and will not give a com-
plainant a second opportunity to make his defense. (*Gold
v. Bailey,* 44 Ill. 491; *Carney v. Village of Marseilles,* 136
id. 401.) In this case the defense was not equitable but
was strictly and purely legal, and neither mistake, accident,
fraud, deception or any other excuse for not making the
defense in the county court was either alleged or proved,
but, with full knowledge of all the facts and with notice of
the application for judgment, the complainants disregarded
the proceeding in the county court until judgment was ren-
dered, and when their motion to vacate the judgment was
denied sought a court of equity to review and set aside that
judgment. Neither cases where judgments have been re-
versed in direct proceedings by appeal or writ of error, nor
suits in ejectment where a tax title has been held void, nor
bills in equity for the removal of tax titles as clouds where
the complainant is required to offer and do equity, have any
legitimate bearing on the question here involved.

The decree is reversed and the cause remanded, with
directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*