Chicago Title and Trust Company, Trustee, Complainant, v. Emma Stut et al., Defendants.
Straus National Bank and Trust Company, Receiver, Appellee, v. Jeremiah W. McGraw and Lou May McGraw, Appellants.

Gen. No. 36,261.

Opinion filed May 24, 1933.

FRANK P. McGINN, for appellants.

HARRY J. LURIE, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by Jeremiah W. McGraw and Lou May McGraw, appellants (respondents) from an order entered on the 16th day of July, A. D. 1932, by the court upon a certain petition of the Straus National Bank and Trust Company, as receiver, in a court foreclosure proceeding wherein the Chicago Title & Trust Company, as trustee, was the complainant and Emma Stut et al., were the defendants.

From this order it appears that the cause was heard upon a petition of the receiver for an order directing

the respondents to vacate the premises described in the petition of the receiver, and the answer of the respondents to this petition, and upon the evidence offered by the respective parties, the court found that Jeremiah W. McGraw and Lou May McGraw are now occupying the furnished apartment No. 10 in the premises under foreclosure proceedings, not as tenants of the receiver, but as employees of the receiver, pursuant to an order entered by the court on May 7, 1928; that the receiver was authorized to employ Jeremiah W. McGraw as the receiver's agent to manage the premises in question in consideration of the receiver permitting Jeremiah W. McGraw and Lou May McGraw, his wife, to occupy the apartment in the building without the payment of rent, and the payment to said Jeremiah W. McGraw of the sum of $100 per month in cash as the receiver's agent; that on the date of his discharge by the receiver there was due for services $400.

Pursuant to an order, the receiver was authorized to pay to Lou May McGraw the sum of $60 per month for services as housekeeper for the apartment building, and further, the receiver was to pay Lou May McGraw, the owner of certain furniture, fixtures and personal property used by the receiver in connection with the operation of the furnished apartment building, the sum of $125 per month as rental for said property, which rental was afterwards reduced to $75 a month by a certain other order. On July 7, 1932, the receiver dismissed this respondent and the court found that there was due Lou May McGraw on July 1, 1932, the sum of $1,075 for use of the personal property, and the further sum due for wages as housekeeper of $225 at the time the order was entered; that the receiver had in his possession the sum of $117.64, and that other than the amounts due the respondents, there were obligations of the receiver amounting to $1,774.38, which

were proper administration expenses. It also appears that the court found that the reasonable value of the furnished apartment occupied by the respondents is $65 per month.

The decretal order directs that the respondents vacate the apartment occupied by them in the premises within 10 days from the date of the order, and upon failure or refusal to vacate, that a writ of assistance issue on July 26, 1932. It was also ordered that the receiver pay to Lou May McGraw within 10 days $100 to apply on the rental of the personal property, and that the receiver pay the respondents the balance due as rapidly as shall be consistent with the payment of all other obligations and expenses incurred in the management of the premises. It is from this order that the appeal is in this court.

The matter which comes before us is upon a plea of release of errors filed by the Straus National Bank and Trust Company, as receiver, the answer of the respondents Jeremiah W. McGraw and Lou May McGraw, his wife, and the demurrer of the Straus National Bank and Trust Company, as receiver, to the answer of the respondents.

At the time the receiver employed the respondents, Jeremiah W. McGraw accepted without objection the terms of the order entered by the court, and continued in the occupancy of the premises, together with his wife, and received part of the wages allowed him for salary as the receiver's agent; that his account was adjusted by the court at the time the order was entered; that the respondent Lou May McGraw's account was also adjusted, and that she accepted employment by the receiver and was allowed a stipulated sum each month for the use of the household furnishings in the building owned by her.

Subsequent to the entry of the order the receiver mailed the respondents a bill for the rental value of

the premises that had accrued in the occupancy of the apartment. The respondent Jeremiah W. McGraw paid the receiver $65 for the August rent and later received a statement from the receiver of the amount due. From this statement it appears that from July 27, 1932, to August 1, 1932, the receiver charged $9.72, together with $65 charged for each of the months of August, September and October, 1932, making a total sum of $204.72, less a credit of $65 paid to the receiver by McGraw, leaving a balance due from the respondent to the receiver of $139.72, which amount the receiver deducted from the sum of $400 found to be due from the receiver to McGraw, as authorized by the respondent in his letter dated October 8, 1932, received by the receiver.

In the order of July 16, 1932, the receiver was directed to pay to Lou May McGraw, one of the respondents, within 10 days, $100 to apply on the amount found by the court to be due from the receiver. This the receiver did, and the sum of $100 was accepted by her without objection. After the payment of the $100, the receiver paid the respondent the further sum of $75 on August 15, 1932, September 21, 1932, and October 13, 1932, which money was received on the several dates and accepted by Lou May McGraw without objection.

The reply of the respondents in regard to the acceptance of the benefits provided for in the order is that the order appealed from directs the respondents to vacate the premises in question and that is the subject of this controversy; that there is no controversy about the amount of money to be paid by the receiver, the amount being merely incidental.

The record in this case establishes the fact that this appeal is from the order of July 16, 1932, and apparently the respondents are attempting to limit this appeal by that part of the condition of the bond, which is in part as follows:

"The condition of the above obligation is such that whereas the said Straus National Bank and Trust Company, receiver, did on the 16th day of July, A. D. 1932, in the Circuit Court of Cook County, in the state aforesaid, and of the June term thereof, A. D. 1932, recover a judgment against the above bounden Jeremiah W. McGraw and Lou May McGraw for possession of the apartment occupied by them at 4715 Malden Avenue, Chicago, Illinois, from which said judgment of the said Circuit Court of Cook County, the said Jeremiah W. McGraw and Lou May McGraw have prayed for and obtained an appeal to the Appellate Court, within and for the First District in said State."

It is obvious, that the respondents benefited by the order in not only accepting the money paid to them by the receiver, but also in the occupancy of the apartment in the premises, and when their employment ceased and the court adjusted the rental value of the apartment at $65 a month, the respondents remained in possession and paid the accruing rent. Could there be a clearer demonstration of the intention of the respondents to accept freely and voluntarily the benefit of the decretal order entered by the court? The payment of the rent by the respondents vitiated the order to vacate and surely recognized the right of the receiver to accept rent for the use of the apartment by the respondents. The only time that an objection was made was when the case was appealed to this court.

Having accepted the beneficial provisions of the decretal order, the respondents cannot complain of the part of the order that is not favorable to their theory. The acceptance of the benefits operates as a release of errors and may be pleaded in bar to their assignment of errors. *Boylan v. Boylan,* 349 Ill. 471; *Holt v. Rees,* 46 Ill. 181; *Thoeming v. Hawkins,* 291 Ill. 454; *Schaeffer v. Ardery,* 238 Ill. 557; *Reinken v. Reinken,* 351 Ill. 409.

The demurrer of the appellee (receiver) to the answer of the appellants (respondents) to the plea of release of errors, as amended, is sustained, and the appellee's plea of release of errors is sustained. Accordingly the appeal is dismissed.

*Appeal dismissed.*

WILSON, P. J., and HALL, J., concur.