The People of the State of Illinois ex rel. Village of
Xenia and C. R. Book, Appellees, v. Glenn Lee and
Grace Lee, Appellants.

Opinion filed May 29, 1936.

HARRY F. JOHNSON, of Salem, ALFRED S. PFAFF and
WILLIAM A. MILLER, for appellants.

E. HAROLD WINELAND, State's Attorney, for appel-
lees.

MR. JUSTICE STONE delivered the opinion of the court.
In 1933 Grace Lee opened a restaurant in the Village
of Xenia, and sold beer and later liquor when the sale
of the same was permitted by the law. She complied

1

with Federal, State and Village requirements by obtaining licenses from the respective agencies thereof. Her village license for the year 1934–1935 was to expire on April 30, 1935, and she applied for and obtained a renewal thereof, a short time prior to the expiration date of the old license which renewal was granted by one H. E. Junkins, president of the village and liquor commissioner for the same.

On June 1, 1935, a complaint was filed by the People of the State of Illinois ex rel. The Village of Xenia naming as defendants said Grace Lee and her husband Glenn Lee, who operated a radio shop in the same building with the restaurant which building was owned by him. The complaint set up a certain set of facts and prayed an injunction against the sale of liquor on defendants' premises, that the liquor be confiscated and the place closed for one year as a nuisance. A notice of the filing of the complaint was served upon defendants on June 3, 1935.

On June 13, 1935, plaintiff filed a motion for a temporary injunction against defendants to which motion defendants on June 18, 1935, filed a motion to strike and on the same day filed a motion to dismiss the complaint. The court sustained the motion to strike and denied plaintiff's motion for temporary injunction and granted defendants' motion to dismiss plaintiff's complaint, giving plaintiff leave to file an amended complaint.

On June 27, 1935, plaintiff Village of Xenia filed an amended complaint, adding as plaintiff, C. R. Book, liquor control commissioner, and setting up additional facts, asking for substantially the same relief as in the first complaint.

On July 8, 1935, defendants filed a motion to dismiss the plaintiff's amended complaint and this motion was granted by the court, leave being given plaintiffs to file a second amended complaint.

On July 11, 1935, plaintiffs filed an amendment to the amended complaint setting out certain additional facts and praying for the same relief as in the amended complaint. On July 19, 1935, defendants filed a motion to dismiss the amended complaint as amended, which motion was denied and the defendants were ruled to file answer.

On August 13, 1935, defendants Grace Lee and Glenn Lee each filed separate answers.

The suit is abated as to Glenn Lee.

Numerous issues were raised by the pleadings.

Upon hearing the court found that the equities were with the plaintiff and entered its decree, finding among other things that the license to sell alcoholic liquor theretofore issued to Grace Lee on or about April 24, 1935, by H. E. Junkins expired April 30, 1935, and was void after that date; that since that date defendants Grace Lee and Glenn Lee had been unlawfully selling alcoholic liquor at their place of business in Xenia; that the defendant Grace Lee had paid to plaintiff the sum of $225 in payment of said void license and that said defendants had sold alcoholic liquor within said village at said place of business for a period of four months, or one-third of one year without having any license from said village, and that part of said sum of money should be returned to the defendant, Grace Lee.

Upon said finding the court ordered that the license theretofore issued to Grace Lee on or about April 24, 1935, authorizing her to sell alcoholic liquors at their place of business was void, and ordered said license canceled and revoked. Said decree further ordered said Grace Lee to surrender said license to C. R. Book, liquor control commissioner of said Village of Xenia for cancellation, and said C. R. Book and the said Village of Xenia to pay to the said Grace Lee upon the surrender of said license the sum of $150 provided said lease was so surrendered. The court further ordered

that the defendants be restrained and enjoined from selling or keeping for sale any alcoholic liquors whatsoever at the aforesaid place of business until they or either of them first obtained a village license from said village to sell and keep liquors upon said premises. The court further ordered defendants to pay the costs of the proceeding.

An appeal was taken to this court. Appellants assign errors on practically all findings and orders of the court. Appellees filed in this court two pleas of release of errors, which allege in substance that defendants subsequent to the decree entered in this cause, on the 6th day of September, 1935, voluntarily accepted the benefits of said decree in this; that among other things said decree provided that Grace Lee should surrender her license to C. R. Book, liquor control commissioner of said Village of Xenia for cancellation, and that the said C. R. Book was authorized by said decree to pay to the said Grace Lee the sum of $150 upon the surrender of such license; that on September 7, 1935, the said appellants Grace Lee and Glenn Lee each having notice of said decree, appellant Grace Lee surrendered the said license to the said C. R. Book, as she was decreed to do and requested payment of the said sum of $150 provided in said decree, and that she did so voluntarily and that said amount was paid to her; that she retained said money and that the city council of the Village of Xenia afterwards ratified the payment to the said Grace Lee of said amount.

To these pleas defendants filed answer which amounts to denials of the matters recited in the pleas most of which were matters and things taken from the decree itself. Appellee filed its replication to said answer, said replication tendering an issue in substance whether appellants did accept voluntarily the benefits of the decree aforesaid in manner and form as set out in said pleas.

There seems to be no question notwithstanding the answer to the pleas, that the said Grace Lee did voluntarily tender her license back to be canceled and that she did then and there receive the $150 provided for her in said decree, retained the same, and that the action of the said Book in paying said amount of money in pursuance of said decree was afterwards ratified by appellee.

By the act of surrendering her license pursuant to the order of court, appellant Grace Lee did the major thing that was required of her as a result of this litigation. It was a voluntary surrender. She could have appealed the case then as easily as she has since appealed it, and without difficulty could have filed a bond and obtained supersedeas pending said appeal.

A still stronger argument in favor of the plea of release of errors is that the said Grace Lee accepted that which the decree provided for her. The same reasoning applies to the acceptance of the $150 as applied to the surrender of the lease; she did not have to do so; she could have taken her appeal then.

Our courts have consistently held that one cannot take the benefits that the decree provides for him and yet assign error and have an appeal on such matters in a decree or judgment as he does not approve of. It is unnecessary to discuss the illogical effects of allowing such appeals.

We are of the opinion that the record in this case bears out the matters and things alleged in the plea,—that the plea of release of errors is good, and that having accepted the benefit of the decree, appellant cannot now complain that said decree is erroneous in other parts. In other words, appellant Grace Lee has released all errors which she now complains of. We think this holding is fully born out by the following authorities: *Langher v. Glos,* 276 Ill. 342; *Kellner v. Schmidt,* 237 Ill. App. 428; *Thomas v. Negus,* 2 Gilm.

(Ill.) 700; *Morgan v. Ladd*, 2 Gilm. (Ill.) 414; *Hartshorn v. Potroff*, 89 Ill. 509; *Scott v. Scott*, 304 Ill. 267; *Gridley v. Wood*, 305 Ill. 376; *Boylan v. Boylan*, 349 Ill. 471; *Chicago Title & Trust Co. v. Stut*, 271 Ill. App. 32; *Trapp v. Off*, 194 Ill. 287; *Fishburn v. Green*, 291 Ill. 350.

The appeal is dismissed.

*Appeal dismissed.*