Louis E. Skolnik, Appellee, v. Susco Production, Manford S. Susman, and E. M. Robinson, Defendants.

On Appeal of E. M. Robinson, Appellant.

Gen. No. 45,863.

Opinion filed February 10, 1953. Rehearing denied February 26, 1953. Released for publication March 24, 1953.

Louis S. Gunn, of Chicago, for appellant; Stephen J. Sullivan, of Chicago, of counsel.

Kamm, Griglik & Kamm, by Maurice H. Kamm, all of Chicago, for appellee; Robert M. Woodward, and Harry J. Myerson, both of Chicago, of counsel.

Mr. Presiding Justice Robson delivered the opinion of the court.

Plaintiff Louis E. Skolnik obtained a judgment by confession on October 10, 1950, in the sum of $22,023.34, and costs. The note confessed on was for $20,000, executed by Susco Production, a corporation, Manford S. Susman, individually, in Houston, Texas, and defendant Robinson in Chicago, Illinois, on July 1, 1950. The note was due on or before September 29, 1950. The signature of defendant Robinson is immediately below that of Susman. It provided for the confession of judgment by the holder, without the issuance of process, together with interest, costs, and ten per cent attorney fees. It also provided for a waiver and release of all errors which may intervene in all such proceedings, a consent to the immediate issuance of execution on the judgment, and ratified all that defendant's attorney may do by reason of the power of attorney.

On October 31, 1950, defendant Robinson filed his petition to vacate the judgment. To this, plaintiff filed his motion to strike. On November 22, 1950, the court

entered an order vacating the judgment by confession. The basis for this order was that the cognovit exceeded the powers contained in the power of attorney in that it provided that "No appeal shall be prosecuted from such judgment and that no proceedings be taken in equity to interfere with the operation thereof." Plaintiff appealed from this order and this court dismissed the appeal saying that the order was not final and not appealable. *Skolnik v. Susco Production,* 344 Ill. App. 559.

Upon the return of the mandate to the trial court, plaintiff was given leave to answer defendant's petition to vacate. This answer raised legal issues derived from the face of the note and the averments of the petition. The answer was subsequently amended to allow plaintiff to ask leave to strike the words in the cognovit that exceeded the powers contained in the power of attorney. To the answer defendant filed a motion to strike. The cause then came on for hearing. The pleadings were directed to the following issues which raised no issue of fact and presented the following questions of law:

1. Did the variance between the cognovit and the power of attorney invalidate the confession of judgment?
2. Could defendant plead the defense that he was an accommodation endorser in view of the fact that he had signed the note on the face of it as if he were a co-maker?

Upon the hearing of the matter, the trial court arrived at the conclusion that the variance between the cognovit and the power of attorney was immaterial and was waived by entry of the judgment and by the waiver and release of errors contained in the power of attorney. The trial court also reached the conclusion that defendant had failed to state a meritorious defense.

Having reached these conclusions, the trial court denied defendant's motions to strike plaintiff's pleadings; set aside and vacated the order of November 22, 1950 vacating the confession of judgment, thus reinstating the judgment, denied the petition of defendant to vacate the judgment, and ordered that execution issue on the judgment.

The three issues presented to us, all questions of law, are as follows: (1) That the trial court had no jurisdiction to vacate the order of November 22, 1950; (2) that the variance between the cognovit and the power of attorney invalidated the confession of judgment, and (3) that defendant was an accommodation endorser and not liable as a maker.

■ ■ The first point made by defendant, as to jurisdiction, is based on the fact that more than thirty days had elapsed since the entry of the order vacating the judgment. When the Appellate Court decided that the order vacating the judgment was not final, that became the law of this case. If it were not a final order, it could be vacated even though thirty days had passed since it was entered. *Shaw v. Dorris,* 290 Ill. 196; *Campbell v. Powers,* 139 Ill. 128.

■ That order not being a final order, the trial court was then confronted with the problem of how to render a final judgment in this case and submit for review the legal questions involved. The defendant contends in substance that the trial court should have permitted the vacation of the order to stand and proceeded to a trial of the case as if there were no power to confess in the note. The fallacy in this is that it would have deprived the plaintiff of the right to have a review of the questions raised with respect to the confession of judgment. The court having come to the conclusion that the previous order was erroneous, that the confession of judgment was legal and that there was no defense on the merits, pursued the only course

405

which was open to it by vacating the original order setting aside the judgment and denying the defendant's petition. It is, therefore, incumbent upon us now to review the questions of law involved with respect to the confession of judgment.

 There is no question but that the cognovit and the power of attorney are at variance. The cognovit provided that "No appeal shall be prosecuted from such judgment and that no proceedings be taken in equity to interfere in any manner with the operation thereof." This clause is not in the power of attorney. The power of attorney does, however, contain a clause to the effect that the attorney shall have power to "Waive and release all errors which may intervene in any such proceedings." There is no showing that the defendant was prejudiced by the variance. A judgment by confession is not invalidated by such a variance. The rule of strict construction of the powers conferred by warrant does not apply, especially where no prejudice is shown. *Hansen v. Schlesinger,* 125 Ill. 230; *Long v. Coffman,* 230 Ill. App. 527; *Sukowicz v. Hinko,* 314 Ill. App. 195. No prejudice having been shown by defendant to his rights, the decision of the trial court was correct.

 As to defendant's contention that he was an accommodation endorser, received no consideration, and was not liable as a maker, an examination of the note negates this defense. It shows it was executed by Susco Production, a corporation, Manford S. Susman, individually, and defendant E. M. Robinson, individually. There is no ambiguity. He signed as one of the makers in the place provided for the maker's signature, and is liable regardless of whether or not he signed at the request of the plaintiff. This court said in the case of *Peterson v. Swanson,* 259 Ill. App. 80:

"Section 17 (of the Negotiable Instruments Law of this State, Cahill's St. ch. 98, par. 37) recites the rules

406

of construction where the instrument is ambiguous. The particular rule referred to is found in par. 6. It reads: 'Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser.' But there is no ambiguity here as to the location or placing of the signature, or in fact in any other respect on the face of the instrument. From its face one conclusion only is deducible, namely, that appellant and his cosigners signed the note in the capacity of joint makers, and there is nothing in the proof regarding their intention that justifies a different conclusion. We might say, as said by Mr. Justice Winslow in *Germania Nat. Bank of Milwaukee v. Mariner,* 129 Wis. 544: 'To say that, where it conclusively appears from the instrument that the signer intended to sign as a maker, the statute (referring to a like paragraph of the Wisconsin Negotiable Instrument Act) is intended to make him an indorser, would be little short of ridiculous.'

"It was also there said that said section applies only when a doubt fairly arises from the ambiguous location of the signature. There is no room for any such doubt here. The additional signatures are placed where one usually signs his name whether he intends to be bound as principal, surety or absolute guarantor."

We are of the opinion that the order of April 21, 1952, reinstating the judgment and ordering the issuance of execution was proper. The order of the trial court is affirmed.

*Affirmed.*

SCHWARTZ, J., concurs.

TUOHY, J., took no part.