Leo Freese, Trustee Under Will of Frank M. Clayton, Deceased, Plaintiff, v. Jewell Jeffords et al., Defendants.

Leo Freese, Trustee Under Will of Frank M. Clayton, Deceased, Plaintiff-Appellee, and Bodkin Cemetery, and Christian Church of Ogden, Illinois, Defendants-Appellees, v. Jewell Jeffords, Defendant-Appellant.

Gen. No. 10,068.

Third District.

May 14, 1956.

Released for publication May 31, 1956.

Law Offices of W. C. Noel, William C. Noel, Joseph M. Williamson, H. Frank Middleton, Roy C. Freeman, and Robert P. Pope, of Urbana and Rantoul, for defendant-appellant.

John H. Finfrock, of Urbana, for plaintiff-appellee, Oris Barth, Urbana, for Bodkin Cemetery and Christian Church of Ogden, Illinois, defendants-appellees.

PRESIDING JUSTICE HIBBS delivered the opinion of the court.

The Circuit Court of Champaign county entered a decree appointing a successor testamentary trustee and a direct appeal was taken from that decree to the Supreme Court. That court upon its own motion declined to proceed because it was without jurisdiction and transferred the cause to this court. (Freese v. Jeffords, 7 Ill.2d 189.)

Leo Freese, named as trustee in the Will of Frank M. Clayton, deceased, filed his complaint in the Circuit Court of Champaign county wherein he requested that because of his advanced age and poor health he be relieved of his duties as trustee and that Chancy L. Finfrock, who was named as successor trustee in the Will, be appointed trustee in his stead. Jewell Jeffords, who was the testator's housekeeper, Bodkin Cemetery and Christian Church of Ogden, Illinois, the only beneficiaries of the trust, were made parties defendant.

131

Jewell Jeffords filed an answer which denied each of the allegations of the complaint. The answer included a "First Affirmative Defense" which alleged the existence of a contract by which the deceased had agreed to convey or devise all of his property to Jewell Jeffords in consideration for her promise to care for him for the remainder of his life. The affirmative defense also alleged that there was pending in the Circuit Court of Champaign county an action for specific performance in which the enforcement of this contract was sought. No reply was filed to the answer. No counterclaim was filed by Jewell Jeffords. Bodkin Cemetery and Christian Church of Ogden, Illinois entered their general appearances, but made no resistance to the complaint and were defaulted. At the trial the only witness was Chancy L. Finfrock, who testified that Leo Freese was about eighty years old, was not in good health, and did not want to assume the responsibilities of the trust. The decree fixed the amount of the trustee's bond, accepted the resignation of Leo Freese as trustee and appointed Chancy L. Finfrock as successor trustee.

The defendant-appellant contends that the plaintiff-appellee failed to file a reply to the affirmative matters contained in the answer and therefore the answer must be taken as true and the trial court erred in entering the judgment for appellee. With this we cannot agree.

The decedent, Frank M. Clayton departed this life on the 24th day of August 1954 leaving a last will and codicil which were admitted to probate. The will after providing for payment of his just debts and obligations gave the household furniture in his home at Ogden to Jewell Jeffords and a life estate in his residence with the remainder to her two children, Sandra Jeffords and Janice Jeffords. All of the rest, residue and remainder of the estate was given to Leo Freese of Ogden, Illinois, as Trustee, to collect the rents, issues and income therefrom, and after paying all taxes

132

and other necessary expenses and his charges for handling said trust, to pay and distribute the net income therefrom as follows: To the Bodkin Cemetery located southeast of Ogden, Illinois the sum of $200 per year and to distribute the remainder thereof after making such payments to the Bodkin Cemetery as follows: One-half of such remainder to Jewell Jeffords and one-half to the Christian Church of Ogden, Illinois, and upon the death of Jewell Jeffords, the annual payments to Bodkin Cemetery shall cease and the remainder of such income after the payment of taxes, insurance and other expenses would be paid and devised as follows: One-half to the legally constituted authorities of said Bodkin Cemetery to be used for the upkeep and maintenance of said cemetery and the other one-half to the Christian Church of Ogden, Illinois to be used in such manner as the governing authorities of such church shall deem best suited to serve the best interests of such church. The first codicil gave to Jewell Jeffords the residence in fee simple.

The only relief prayed for in the original complaint was for permission to resign and the appointment of a successor trustee and the fixing of the amount of the bond. The necessity for the appointment of a successor trustee is evident. A suit was pending in the Circuit Court of Champaign county, commenced by Jewell Jeffords against Leo Freese, Trustee, under the will of Frank M. Clayton, deceased, involving the specific performance of a contract or alleged contract set forth in the affirmative defense. It was therefore of paramount importance that somebody should be appointed successor trustee in order to defend in that action.

Furthermore, the affirmative defense set up by Jewell Jeffords was not accompanied by a counterclaim making parties defendant the trustee, successor trustee when appointed and the other beneficiaries in the trust, whose rights of necessity would be affected by the

133

prayer for relief and without which the cross-complainant could not succeed in her lawsuit.

 Sec. 38, Chap. 110, 1955 Rev. Stat. provides: "(1) Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of set-off, recoupment, cross-bill in equity, cross demand or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross demand in any action, and when so pleaded shall be called a counterclaim. (2) The counterclaim shall be a part of the answer, and shall be designated as a counterclaim. Service of process on parties already before the court is not necessary. (3) Every counterclaim shall be pleaded in the same manner and with the same particularity as a complaint, and shall be complete in itself, but allegations set forth in other parts of the answer may be incorporated by specific reference instead of being repeated. (4) An answer to a counterclaim and pleadings subsequent thereto shall be filed as in the case of a complaint and with like designation and effect." The defendants could obtain affirmative relief only on a cross-complaint. (Heiligenstein v. Schlotterbeck, 300 Ill. 206; Daly v. Daly, 299 Ill. 268.)

Nor do we believe that the relief asked for could possibly be germane even if prayed for in a cross-complaint to the original complaint. The original complaint merely sought to permit the trustee to resign and to appoint a successor. The relief apparently that the defendant wishes was not germane to this subject whatsoever because it related to a matter that could only be adjudicated after the appointment of a successor trustee had been made.

The judgment of the Circuit Court of Champaign county is affirmed.

Judgment affirmed.