Clyde W. Grove, Plaintiff, v. Chicago Title and Trust Company, Trustee, etc.; Henry L. Sweitz, also known as Henry C. Sweitz; Margaret J. Sweitz, his wife; Dakin Manufacturing Company, an Illinois Corporation; Federal Finance Association; and "Unknown Owners," Defendants.
Henry L. Sweitz, Defendant Below, Appellee.
On Appeal of Marshall A. Levy, d/b/a Federal Finance Association, Defendant Below.

Gen. No. 47,817.

First District, Second Division.

April 5, 1960.

Rehearing denied April 26, 1960.

Collen, Kessler, and Kadison, of Chicago (Mark A. Greenhouse and Lawrence Ripes, of counsel) for appellant.

Hurford, Feigenholtz, and Busch, and Hirsch E. Soble, of Chicago, for petitioner-appellee.

PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an appeal from an injunctive order entered in a real estate foreclosure proceeding. Defendant Marshall Levy, doing business as Federal Finance Association, was restrained from collecting part of his Municipal Court of Chicago judgment against defendant Henry L. Sweitz, a joint owner of the equity of redemption of the subject real estate, because the chancellor found a $10,000 commission to be usurious as to Sweitz. Levy appeals.

The instant controversy is between these two defendants and affects distribution of any surplus that may be available after satisfaction of the senior lien. Levy answered the foreclosure complaint and proved up his judgment, on which the master in chancery found there was an unpaid balance of $15,823.11 with interest.

The matter was heard on the verified petition of defendants Henry L. Sweitz and Dakin Manufacturing Company, a corporation, and the answer thereto of defendant Marshall Levy, doing business as Federal Finance Association.

On August 20, 1956, Dakin Manufacturing Company executed its judgment note, secured by a chattel mortgage, in the sum of $50,000 for a $40,000 loan. The note was also signed by Henry L. Sweitz, "Individually." On March 1, 1957, Federal Finance confessed judgment on the note in the Municipal Court of Chicago against Dakin and Sweitz for the sum of $50,482.50. On December 24, 1957, Levy foreclosed the chattel mortgage given as security for the note and sold the chattels to himself for $28,000. On January 27, 1958, Sweitz petitioned the Municipal Court of Chicago to vacate the judgment because it included usurious interest. The petition was denied on the ground that he was dilatory in presenting it.

The instant petition of Sweitz and Dakin was filed on October 9, 1958. It substantially relates the foregoing, and that on April 5, 1957, they made a payment on the note of $5,000, and Levy promised to vacate the judgment, which he did not do, and they were unaware of this until he foreclosed the chattel mortgage. The petitioners allege that the amount of interest charged by Levy was usurious, illegal and in violation of the laws of the State of Illinois, and pray the court to adjudicate the rights, both legal and equitable, of petitioners and Levy.

Levy, in his answer to the petition, claims the $10,000 was a commission authorized by the board of directors of Dakin Manufacturing Company, and that the $5,000 paid April 5, 1957, was consideration for his executing an agreement to subrogate his judgment lien to the lien of the first mortgage sought to be foreclosed. He denies that there was any agreement to vacate the judgment. He asserts that the disputed interest is part of the judgment of March 1, 1957, and the question of it being usurious is *res adjudicata* and not subject to collateral attack in the instant proceedings.

The court found it had jurisdiction of the petitioners, respondent Levy and the subject matter thereof; that Levy, doing business as Federal Finance Association, by having filed an answer to the complaint, was seeking affirmative relief in the collection of his claim and had submitted himself for all purposes to the jurisdiction of the court; and that as to Henry L. Sweitz, individually, and as co-maker, the commission of $10,000 was usurious. The order enjoined and restrained Levy "from collecting from Henry L. Sweitz in excess of Five Thousand Eight Hundred twenty-three dollars and eleven cents ($5,823.11) and interest from February 13, 1958."

Initially, respondent Levy argues that he had not sought the assistance of a court of equity and that he

does not seek affirmative relief, did not ask to share in any surplus, and points out that there is nothing in the record to show the existence of any fund under the direction of the court. He refers to the surplus as a "theoretical fund." A separate appeal currently pending in this court, and before this division, shows that there is a fund out of which respondent will be paid any amount found due him.

■ Respondent sought the assistance of a court of equity when he chose the established method of asserting a junior lien in a foreclosure proceeding. He filed an answer, setting forth full details of his judg- · ment, and he proved up his judgment before the master. This was a submission to equity jurisdiction and tantamount to the seeking of affirmative relief. Equity is not controlled by mere forms but looks to the substance of things. Respondent was, in substance and in legal effect, seeking affirmative relief. If he did not wish to participate in any surplus, he could have defaulted or disclaimed any interest therein. The record discloses no other purpose sufficient to warrant respondent's active participation in the foreclosure proceedings. Bonde v. Weber, 6 Ill.2d 365, 377 (1955); Carroll v. Caldwell, 12 Ill.2d 487, 496, (1958).

■■ Respondent further contends that section 38 of the Civil Practice Act required petitioner Sweitz to file a counterclaim, if he sought affirmative relief from a co-defendant, and that neither the Sweitz answer nor petition could serve as a counterclaim. The cases cited are not persuasive. Freese v. Jeffords, 10 Ill.App.2d 130 (1956) indicates that even if a counterclaim had been filed in that case, the relief sought was not germane to the issue. In Chicago Title & Trust Co. v. Herlin, 299 Ill. App. 429, 438 (1939), the court stressed the need for a counterclaim by a co-defendant, in order that the other defendant might have an opportunity to answer and be heard in the matter. In the instant

case, the petition and its answer were followed by a full hearing by the court. The adverse party was protected against prejudice by surprise. (Ill. Rev. Stat., Ch. 110, § 34.) We believe the chancellor was well within his discretion in looking to the substance of the petition to determine its true character, and if the allegations and proof showed petitioner Sweitz was entitled to the relief sought, he should not be turned out of court unheard and relief denied because the petition was not named a cross-complaint. (Moore v. Shook, 276 Ill. 47, 51 (1916).) The legal effect to be given a document is not to be determined by the label it bears. (Bonde v. Weber, 6 Ill.2d 365, 377 (1955).) Equity looks to the substance of a transaction and not to form. (Carroll v. Caldwell, 12 Ill.2d 487, 496 (1958).) We conclude the petition was sufficient for the relief sought.

Respondent next contends that petitioner should have asserted his defense of usury against the Municipal Court judgment, and as the Municipal Court denied his petition to vacate the judgment on the ground that he was dilatory, petitioner was guilty of such negligence as to bar him from equitable relief against that judgment, and he is precluded from presenting his defense of usury in the instant proceedings. Kretschmar v. Ruprecht, 230 Ill. 492 (1907).

[4-7] Courts of equity grant relief against judgments in a limited class of cases and always upon some recognized ground of equity jurisdiction, such as fraud, accident or mistake. (Stoecklin v. Paulos, 16 Ill.App.2d 240 (1958).) However, relief may be granted where the complainant was prevented from making his defense by fraud or deception, or failed to make it through mistake, surprise or some accidental circumstance beyond his control. (Thoeming v. Hawkins, 294 Ill. 30 (1920).) Petitioner Sweitz claims that the reason for the delay in presenting the defense of usury in

the Municipal Court was that he relied on respondent's promise to vacate the judgment. If true, this presented sufficient ground for equity to interpose and grant relief. If true, it was sufficient deception on the part of respondent to have kept petitioner from making his defense of usury in apt time, and calls for the application of the maxim that "He who seeks equity must do equity." (DeWalsh v. Braman, 160 Ill. 415, 421 (1896); Kanauske v. Clark, 388 Ill. 357 (1944); 7 I. L. P., p. 322, § 98.) This presented sufficient ground for equity to interpose and grant relief.

Respondent's next contention is that Dakin Manufacturing Company was the principal and Sweitz was the surety, and where the defense of usury cannot be invoked by the corporation, it cannot be invoked by the surety. Tennant v. Joerns, 329 Ill. 34, 41 (1928).

■ The $50,000 note of August 20, 1956, is not a form note, and its language includes "we promise to pay" and "If there are two or more signers to this Note and power of attorney, the foregoing power is joint and several." In a number of instances "it" is used instead of "we." On its face, in the lower lefthand corner, is the signature "Henry L. Sweitz, Individually." The tenor of the entire note, commencing with the "we promise to pay," leads to only one conclusion —that Sweitz and Dakin Manufacturing Company signed the note in the capacity of principals and joint makers. (Skolnik v. Susco Production, 349 Ill. App. 402, 407 (1953).) Even though the money may have been furnished to Dakin Manufacturing Company, the undertaking by Sweitz was clearly that of a principal and co-maker and not as surety, as argued by Levy. Lusk v. Throop, 189 Ill. 127 (1901).

■ ■ Therefore, petitioner Sweitz being a principal, the defense of usury was available to him as an individual, even though Dakin Manufacturing Company as a corporation could not raise it. The note may

be valid as to one joint maker and invalid as to the other (10 C. J. S., p. 464, § 37(d)(9)) and valid as to the corporate maker and invalid as to the individual co-maker as to usurious interest. Stocker v. Leonard Machinery & Tool Co., 231 Ill. App. 206, 214 (1923); Engert v. Chicago Title & Trust Co., 335 Ill. App. 566 (1948).

■■ Aside from the disposition of the legal points raised, the determination of this case depends largely upon the facts to be found in the record. The contention of respondent that the findings of the court are against the manifest weight of the evidence, and not in conformity with the pleadings, is without merit. The findings and judgment of the trial court in chancery and nonjury cases will not be disturbed by the reviewing court, unless manifestly against the weight of the evidence. (Brown v. Zimmerman, 18 Ill.2d 94, 102 (1959).) We have examined the testimony and exhibits considered by the chancellor and believe there is sufficient evidence to support his finding that the $10,000 commission was usurious.

We believe the foregoing conclusions effectively dispose of any other contentions of respondent. Although the petition of Sweitz did not ask for a restraining order, the chancellor was not limited to the prayer for relief. Section 34 of the Civil Practice Act.

We conclude the situation presented to the chancellor was such that, in order to do justice, he was empowered by section 7, chapter 69, Ill. Rev. Stat. 1957, to enjoin that part of the judgment that Sweitz was not equitably bound to pay.

Therefore, for the reasons given, the order of January 23, 1959, is affirmed.

Affirmed.

KILEY and BURMAN, JJ., concur.